## Dailey v. South Covington & Cincinnati Street Railway Company.

(Decided March 18, 1914.)

### Appeal from Campbell Circuit Court.

1. Railroads—Where Passenger Compelled to Leave Moving Train or Be Carried Beyond Destination.—Where a passenger by the wrongful act of the company is compelled to choose between leaving the train while it is moving slowly, or submitting to the inconvenience of being carried beyond the station where he desires to stop, the company is liable for the consequences of the choice, provided it is not exercised negligently or unreasonably.

2. Railroads.—The foregoing rule applies to street railroads as well as to steam railroads.

3. Negligence.—It is not negligence per se for a passenger to alight from a moving street car.

4. Negligence.—Where the facts are undisputed the court may pass upon the question of negligence as one of law, if but one legitimate inference can be drawn from the facts relied upon for a recovery.

5. Railroads—Passenger—Alighting From Moving Train.—If the danger in alighting from a moving train is obvious or apparent, the passenger should not attempt to alight; and in an action for damages received in alighting from a moving train, the petition must preclude the hypothesis that when the passenger made the attempt to alight, the danger was obvious or apparent.

C. H. DUNCAN and JOHN R. ROEBUCK for appellant.

L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On December 2, 1911, appellant was a passenger upon appellee's street car, in Newport, which was going westwardly upon Eleventh street near Putnam street.

The petition alleges that "within a reasonable time before reaching said corner, the plaintiff notified the conductor in charge of said car that he wished to get off at said corner; that in pursuance of said notice the conductor undertook and agreed to stop and let him off at said corner; that he thereupon prepared to alight from said car, but that said conductor and motorman negligently failed to stop said car at said corner but carried plaintiff beyond the same for a distance of more than another city block or almost until the corner of Central avenue and Eleventh streets was reached when the car slowed down, and plaintiff was carried past said corner; that thereupon to avoid delay, inconvenience, and annoyance of being carried further beyond his said destination and being compelled to walk back, and believing that he could alight from said car with reasonable safety to himself, and while, exercising due care for his own safety, he attempted to get off said car and in doing so was thrown violently to the street," and severely injured.

He further alleged that his injuries "were wholly caused by the negligence of the defendant's agents, servants and employees in failing to stop said car at said corner so that he could alight therefrom in safety."

The trial court sustained a demurrer to the petition; and the plaintiff having declined to plead further, the petition was dismissed. The plaintiff appeals.

Appellant contends that the negligence of the carrier in failing to afford him an opportunity to alight at his destination, offsets any imputation of contributory negligence that may arise from his alighting from the car while in motion, provided due care was used upon his part; and, that in any event, the question of contributory negligence upon the part of the plaintiff was, under the allegations of the petition, one of fact for the jury, and not a question of law for the court.

In support of this position, plaintiff relies upon Berry v. L. & N. R. R. Co., 109 Ky., 727; Bishop v. I. C. R. R. Co., 25 Ky. L. R., 1363, 77 S. W., 1099, and Ford v. Paducah Street Ry. Co., 29 Ky. L. R., 752, 96. S W., 441.

In 2 Wood on Railroads, p. 1298, it is said:

"As a rule it may be said that where a passenger by the wrongful act of the company is compelled to choose between leaving the train while it is moving slowly, or submitting to the inconvenience of being carried by the station where he desires to stop, the company is liable for the consequences of the choice, provided it is not exercised negligently or unreasonably."

The foregoing text was quoted in the Bishop case, *supra,* and in L. & N. R. R. Co. v. Eakins' Admr., 103 Ky. 472.

In the Bell case there was a peremptory instruction for the carrier, it appearing from the uncontradicted evidence that Bell was not a passenger, and that the carrier did not know of his presence in the car.

In the Bishop case, where the plaintiff had entered the car to assist an invalid into the car, and had stepped or jumped from the car while in motion, it was held, under the contradictory proof as to the speed of the train, that the question of Bishop's negligence was a question for the jury.

Appellee insists, however, that the rule relied upon by appellant applies only to steam railroads, where the stations are miles apart, and great inconvenience would arise in case a passenger was carried beyond his destination, and that it does not apply to the case of a street railroad, where the cars stop at least every block, and sometimes oftener. We see no reason, however, for limiting the rule to steam railroads, and it has not been so restricted.

In Ford v. Paducah Street Ry. Co., *supra,* a street car case, we held that it was not negligence *per se* for a passenger to attempt to alight from a slowly moving street

car, and that the court should have submitted the question to the jury to decide whether, considering the age and discretion of the plaintiff, and the surrounding circumstances, it was negligence or the lack of ordinary care on her part to try to get off the car as she did. In that case, however, the plaintiff was a twelve-year-old girl, and after she had signaled to the motorman that she wanted to alight at the next corner, and the car had slowed up, and while she was attempting to alight, the motorman suddenly applied the current, giving the car a sudden impetus, throwing her to the ground. When she attempted to alight the car was moving very slowly and she thought it was about to stop.

Negligence was there charged against the company and contributory negligence was charged against the passenger; and under the facts and the pleadings of that case, this court merely held that the trial court erred in assuming as a matter of law, as it did, that it was negligence *per se* for a passenger to alight from a moving street car. That was a question for the jury.

See also L. & N. R. R. Co. v. Eakins' Admr., 103 Ky., 465; Sandlin v. Lexington Ry. Co., 33 Ky. L. R., 520, 110 S. W., 376; C. & O. Ry. Co. v. Robinson, 135 Ky., 854; I. C. R. R. Co. v. Whittaker, 22 Ky. L. R., 395, 57 S. W., 465; Central Passenger Ry. Co. v. Rose, 15 Ky. L. R., 209, 22 S. W., 745; Railroad Co. v. Stout, 17 Wall., 657.

But where, as in this case, there are no disputed facts —the petition being taken as true—the court may pass upon the question of negligence as one of law, if but one legitimate inference can be drawn from the facts relied upon for a recovery.

See Western Union Telegraph Co. v. Teague, 134 Ky., 607, and the cases there cited.

In Durham v. L. & N. R. R. Co., 16 Ky. L. R., 757, 29 S. W., 1737, the plaintiff alleged that a conductor or brakeman had directed him to get off the train, whereby he was led to believe that the train was at Seventh street, and that it was safe for him to get off. The trial court sustained a demurrer to the petition, and this court, in affirming that ruling, said:

"We assume from the averments of the petition that it was the duty of the appellee to have stopped its train at Seventh street so that the appellant might have safely alighted. In not doing so, it was guilty of negligence. Nevertheless, if the danger of getting off the moving train

was obvious or apparent, the appellant ought not to have made the attempt. He ought not to have weighed his life and limb against inconvenience and loss of time.

"Unless the danger, however, was obvious and apparent, he was justified in making the attempt on the invitation and advice of the servant. His petition, therefore, must preclude the hypothesis that when he made the attempt the danger was obvious or apparent, for otherwise he would fail to state facts sufficient to support a cause of action. When so tested it seems to us the petition is defective in that, first, we may fairly infer that the speed of the train was such as to render the danger imminent and obvious. He does not at least show the contrary."

In the case at bar, the only negligence complained of was the failure to stop the car at the corner so plaintiff could alight therefrom in safety. It is not alleged that any one told Dailey to alight from the car, or that the car was negligently operated by the company's servants, so as to throw Dailey from the car.

The effect of the petition is, that to avoid a trifling inconvenience appellant recklessly attempted to alight from a moving car when it was unsafe to do so, since he does not allege that it was safe to do so, but merely that he believed it to be safe. The petition does not preclude the hypothesis that when plaintiff made the attempt to alight, the danger was obvious or apparent; and having failed to do so, his petition did not state a cause of action. This was expressly decided in the Durham case, *supra.*

The demurrer to the petition was properly sustained.

Judgment affirmed.