## Louisville & Nashville Railroad Company v. Whitaker.

(Decided December 2, 1927.)

### Appeal from Perry Circuit Court.

1. Carriers.—In action for injuries to passenger alighting from moving train, demurrer to petition, not alleging that train was not traveling at such speed as to make it apparent to ordinarily prudent persons that it would be dangerous to alight therefrom, and that plaintiff believed he could alight in safety, held improperly overruled.

2. Carriers.—61 year old man, injured in alighting from train picking up speed in passing flag station, to which he had purchased ticket not yet taken up by conductor, held contributorily negligent as matter of law.

3. Carriers.—In action for injuries to one alighting from moving train at flag station, to which he had purchased ticket not yet taken up by conductor, plaintiff should not have been allowed to testify as to purpose of his trip.

4. Carriers.—Carrier is under no obligation to announce arrival of train at flag station, call the name thereof, or stop its train there, in absence of notice that it has passengers for that station.

5. Carriers.—Carrier's sale of ticket to flag station, at which purchaser was injured in alighting from moving train before ticket was taken up, held not notice that he was going to take that particular train.

6. Carriers.—In action for injuries to passenger alighting from moving train at flag station; his testimony that he did not know that such station was a flag stop was inadmissible, such knowledge being immaterial.

7. Carriers.—That many of defendant's trains stop at certain flag stations was immaterial in passenger's action for injuries in alighting from moving train thereat.

8. Carriers.—Injured passenger, not alleging in his petition that it was safe for him to alight from moving train at flag station, could not testify that he thought he could alight in safety.

9. Pleading.—Issues must be made by the pleading, and proof without pleading is as unavailing as pleading without proof.

10. Carriers.—Proof that station, at which passenger alighted from moving train, was a flag station, held admissible in his action for injuries sustained; that being a question of fact, not of negligence.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN and MORGAN, EVERSOLE & BOWLING for appellant.

H. C. EVERSOLE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The defendant, Louisville & Nashville Railroad Company, seeks to reverse a judgment for $5,000 recovered against it by plaintiff, William Whitaker, a man 61 years of age. On August 12, 1926, plaintiff's son purchased for him a ticket from Krypton to Dunraven, a distance of four miles or less. He got on the train with this ticket at Krypton, and took a seat in the ladies' coach. Dunraven is a flag station, and has no depot building. The plaintiff says that he does not know whether he saw the conductor or not when he got on the train. He said he saw some man, but did not know whether he was a conductor, flagman, or brakeman. He does not say that any of these men saw him or knew he got on the train. He saw no employee of the railroad company while he was on the train. His ticket was not taken up. When the train got to Dunraven, it did not stop, but merely slowed up to allow the mail to be thrown on the train. When the plaintiff saw the train was not going to stop, he went

out, and, as he says, "went off the train." He fell on his hands and knees, and brought this suit for his resulting injuries.

The railroad company traversed his petition, and pleaded contributory negligence on his part. A demurrer to the petition was improperly overruled, as it failed to allege the speed of the train or that it was not traveling at such a rate of speed as to make it apparent to an ordinarily prudent person that it would be dangerous to then alight therefrom, and that plaintiff believed he could alight from it in safety. Plaintiff did not testify how fast the train was going, but said it was getting faster when he got off. His brother saw the plaintiff get off the train, and testified the train was picking up speed at the time, and was going "tolerably" fast. Another witness testified that, after the mail was put on, they started the train fast, and that the plaintiff came running out and jumped off while the train was running fast. None of these witnesses undertook to say how fast the train was going. The man who threw the mail on the train, having qualified, testified that the train got faster as it passed the station; that the engineer motioned him to throw the mail on, and he did so; that the train continued to pick up speed; and that, when the plaintiff stepped off, it was going about 15 miles an hour. In Pence v. L. & N. R. Co., 64 S. W. 905, 23 Ky. Law Rep. 1207, we said:

> "A railroad company has the right to make reasonable rules and regulations for the conduct of its business, and to designate the stations where it will receive passengers and discharge them only upon notice; and it is the duty of the holder of a ticket to a flag station, where the trains stop only on notice to the conductor, to inform him of their destination."

Practically the same was said in I. C. R. Co. v. Walker, 108 S. W. 278, 32 Ky. Law Rep. 1248. In L. & N. R. Co. v. Derrickson, 170 Ky. 334, 185 S. W. 1114, we held it was per se negligence for a passenger to undertake to alight from a train going 15 miles per hour. In the case of L. & N. R. Co. v. Chadwell's Adm'r, 212 Ky. 723, 280 S. W. 89, the speed of the train was variously estimated at from 5 to 15 miles per hour. Mrs. Chadwell got off the train while it was moving, and sustained injuries from which she died. In that case we discussed and cited many cases dealing with the right of a passenger to

alight from a moving train, and held that Mrs. Chadwell was guilty of such contributory negligence that the railroad was not responsible for her injuries.

The plaintiff should not have been allowed to testify about the purpose of his trip.

The defendant was under no obligation to announce the arrival of the train at Dunraven, or to call the name of the station or stop its train there, in the absence of notice that it had passengers for that station. The sale of the ticket to this station was not notice that the passenger was going to take this particular train. It makes no difference whether the plaintiff knew Dunraven was a flag stop or not; hence he should not have been allowed to testify on that point. The fact that many of defendant's trains stop there was not material. The plaintiff testified that he thought he could alight from the train in safety, but he had not alleged in his petition that it was safe for him to do so. Issues must be made by the pleading, and proof without pleading is just as unavailing as pleading without proof. See Ins. Co. of N. A. v. Gore, 215 Ky. 487, 284 S. W. 1107; Knoxville, Tinware & Mfg. Co. v. Howard, 219 Ky. 106, 292 S. W. 762. See, also, Dailey v. So. Cov. & Cin. St. Ry. Co., 158 Ky. 64, 164 S. W. 361, where this court held a petition defective because it did not preclude the hypothesis that, when the plaintiff attempted to alight, the danger was obvious and apparent.

The plaintiff objects to the defendant's proof that this was a flag station. He cites the cases of L. & N. R. Co. v. Vaughan, 183 Ky. 829, 210 S. W. 938, and L. & N. R. Co. v. Stidham, 187 Ky. 139, 218 S. W. 460, in support of his proposition. In those cases we held that the rules of the railroad company were not admissible for the purpose of showing either proper care or negligence. Whether Dunraven is a flag station or not is not a question of negligence. It is a question of fact, and the evidence was properly admitted.

The defendant's motion for a peremptory instruction should have been sustained. Questions not discussed in this opinion are reserved.

The judgment is reversed for reasons indicated.