## Kelly, et al. v. Nussbaum.

## Sullivan, et al. v. Nussbaum.

## English, et al. v. Nussbaum.

(Decided November 16, 1926.)

Appeals from Jefferson Circuit Court
(Common Pleas, Third Division).

1. Master and Servant—Employees Blasting and Wrecking Building for employer, Electing to Operate Under Compensation Act as "Junk Dealer," Held Not Within Protection of Act or Insurance Policy (Ky. Stats., Sections 4946, 4952, 4953, 4955, 4956).—Injuries to employees blasting and wrecking building for employer, who gave notice, under Ky. Stats., section 4956, of election to operate under Workmen's Compensation Act as "junk dealer," held not within protection of such act and insurance policy issued, approved, and designating rates and class of industries covered, as required by sections 4946, 4952, 4953, 4955.

2. Master and Servant—Employer Cannot Assert His Estoppel to Deny Employees' Protection by Compensation · Act by Causing Them to Sign Notice of Election Where They Accepted Compensation Board's Order Dismissing Applications for Compensation for Lack of Jurisdiction.—Employer cannot say that he estopped himself, to deny that employees were protected by Workmen's Compensation. Act by causing them to sign notice of election to

operate thereunder, as provided by Ky. Stats., section 4957, and leading them to believe they were protected where they accepted Compensation Board's judgment that it had no jurisdiction of their proceedings for compensation and insisted on its correctness on appeal from judgment reversing order of dismissal.

3. Estoppel.—Litigant cannot rely on his own fraud or wrong.

EDWARDS, ODGEN & PEAK and FRANK E. DAUGHERTY, Attorney General, for appellants.

CHAS. CARROLL for General Accident, Fire & Life Assurance Corporation.

JOSEPH SOLINGER and ALEX. H. VEENEMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

The three above styled appeals have been jointly prosecuted, present a common question and will be disposed of in one opinion. Appellee, Karl Nussbaum, as an employer of labor, signified his acceptance of the provisions of the Kentucky Workmen's Compensation Act by filing with the Workmen's Compensation Board executed notice of that fact on the form furnished by it for the purpose, conforming to the provisions of section 4956, Kentucky Statutes, section 73 of the act. At the appropriate place in the form, where it is required that the name of the industry, business or operation elected to be operated under protection of the act shall be inserted, the words "junk dealer" were written by appellee to denote the business in which he was engaged which he intended should be covered by his election. In conformity with the provisions of section 4956, Kentucky Statutes, the notice of election to operate under the act specified that his method of securing payment of compensation to employees was by a policy of insurance issued by General Accident Fire and Life Assurance Corporation, Ltd., one of the appellants herein. The record establishes that that insurance company issued and delivered to appellee the policy of insurance securing the payment of compensation to his employees while engaged in the business which he had elected to operate under the compensation act, namely, "junk dealer." George Kelly, George Sullivan and John English, appellants herein, employees of appellee, who had signed the notice of their election to operate under the act required by section 4957, Kentucky Statutes, while at work for appellee Nussbaum, wreck-

ing a large four story brick distillery warehouse in Louisville, Kentucky, were injured when one of its walls fell, and thereafter instituted proceedings before the Kentucky Workmen's Compensation Board to be awarded compensation for their injuries under the provisions of the compensation law. Appellant, the insurance company, interpleaded, and, after a lengthy hearing and careful consideration, the compensation board concluded that appellee's election to operate as a ''junk dealer'' under the protection of the act did not bring him and his employees under the act while wrecking buildings; that they had not elected to engage in the latter operation under the protection of the act; that therefore the injured employees were not entitled to be compensated for their injuries so received under its provisions; and dismissed the application for awards of compensation. The three employees named appear to have been satisfied with the judgment of the board and took no steps to prosecute an appeal to the circuit court. The employer, appellee, Nussbaum, however, though the proceedings for compensation against him had been dismissed, prosecuted an appeal to the Jefferson circuit court. The appeal in the three above styled actions came on for hearing in the third division of the common pleas branch of the Jefferson circuit court, and upon consideration it was adjudged that the compensation board had erred in dismissing the applications of Kelly, Sullivan and English for compensation, and adjudged that the wrecking of the building was covered by the election of appellee, Nussbaum, to operate as a ''junk dealer'' under the act, and by the election of his employees to so operate, and that the policy of insurance covered the liability of the employer. This appeal has been prosecuted from that judgment.

Section 4956, Kentucky Statutes, providing how an employer may give notice of his election to operate under the compensation act reads:

''Election to operate under the provisions of this act shall be effected by the employer by filing with the board the following notice, to-wit:

'' '(Name of employer) elects to operate under the provisions of chapter (33), Acts of 1916, commonly known as the workmen's compensation act, this election being effective as of the day of — and covering (here insert name of industry, business or operation on which election is made.)'

"In addition to the name of each industry, business or operation as to which such election is filed, there shall also be stated in the notice with reference thereto (1) its location and address of chief office, (2) average number of employees during preceding twelve months, (3) kind of business being conducted, (4) method of securing payments of compensation to employees which the employer elects to adopt.

"Such notice shall be in writing and signed by the employer, if an individual; by any partner, if a partnership; or by the chief officer or agent within this state if a corporation."

Consideration of the language used clearly discloses that the legislature had in mind that the various industries, businesses and operations are subject to classification and distinction. It is required that the name of each business, industry or operation desired to be prosecuted under the protection of the act shall be specified. Section 4946, Kentucky Statutes, requires that every employer who elects to operate under the protection of the act shall either insure his liability or furnish satisfactory proof of his financial ability to pay compensation to his injured employees, and in case the latter method is adopted the deposit of acceptable security, indemnity or bond is required to be made. Under section 4596, *supra,* it will be observed that the notice of an employer's election to operate under the act must specify which of the two methods of securing payment of compensation the employer elects to adopt. Sections 4947 to 4955, both inclusive, relate to and provide for supervision and regulation by the compensation board of insurance companies, contracts, rates and classifications of the various industries as affecting rates, and provide for uniformity of rates for the respective classifications of industries. It is provided by section 4953 that:

"On the face of every such policy shall be printed conspicuously the words, 'Insurance under this policy is in class (designating the same) of the company's workmen's compensation classification manual,' and in the blank thus provided the number or other designation in said manual under which the said policy is written shall be placed before the policy is issued. If more than one class or risk be

covered by the same policy, the separate risks and their corresponding manual classifications shall be stated in the same manner.''

It is provided by section 4955 that the rates charged by all carriers of insurance shall be ''fair, reasonable and adequate, with due allowance for merit rating, and all risks of the same kind and degree of hazard shall be written at the same rate by the same carrier.'' That section further provides:

''No policy of insurance against liability for compensation under this act shall be valid until the rate thereof has been approved by the board, nor shall any such carrier of insurance write any such policy or contract until its basic and merit rating schedules have been filed with, approved and not subsequentally disapproved by the board.''

It appears that prior to the time when appellee, Nussbaum, filed with the compensation board his notification of his election to operate as a ''junk dealer,'' under the protection of the compensation act, as a part of which as is required he gave notice that he elected to secure payment of compensation by insuring that liability with appellant, General Accident, Fire and Life Assurance Corporation, Ltd., that insurance company had filed with the Kentucky Workmen's Compensation Board its manual of compensation and liability insurance and rules and rates by which the various business enterprises that may be operated under the protection of the compensation act were classified according to the hazards thereof, and the rates of insurance for the respective industrial operations so classified were fixed. That classification of the various industries according to their hazards and the rate fixed for them respectively had been examined, considered and approved by the compensation board. According to the classification so approved it was expressly provided that the business, ''junk dealer,'' as classified, taking into account its hazards as affecting the rate of insurance, would not include or permit either blasting or wrecking of buildings. It thus appears that ''junk dealer,'' as classified by the state compensation board as one of the business enterprises which might be engaged in by an employer under the protection of the act, did not include either blasting or wrecking of buildings. Appellee Nussbaum's application for the policy

of insurance expressly excluded blasting and building wrecking from the operations that might be engaged in by one who had elected to operate as a "junk dealer" under the protection of the compensation act, and the policy of insurance which issued upon the application likewise expressly excepted blasting and building wrecking from the business, "junk dealer," liability to the employer's employees in the prosecution of which was insured by the policy. The form of the policy of insurance which issued to insure appellee's liability to his employees, as is provided by section 4952, had been approved by the state compensation board. It thus appears that in accordance with its authority under the sections of our statutes above referred to the state compensation board in classifying the various industries that might be operated under the protection of the act had definitely fixed the status of the business, "junk dealer," so that blasting and building wrecking were not and could not be understood to be included in that business. Hence, it is impossible to escape the conclusion that when appellee, Nussbaum, gave notice of his intention to operate as a "junk dealer" under the protection of the act, it was not contemplated that he might engage in blasting or building wrecking under its protection. An employer, desiring to protect such operation under the act, may not do so by electing to operate a particular industry, business or operation under the act, which as classified for insurance according to its hazards, considered in approving the insurance rate fixed, excludes them, nor may insurance policies approved by the compensation board, issued under the classification and at a scheduled rate fixed and approved by the board for a particular industry, in classifying which and in fixing and approving the rate for which certain hazardous operations are expressly excluded, but for which they might be held to be included, be held to cover such expressly excluded hazardous operations.

It is insisted for appellee, however, that since he caused the three appellants, Kelly, Sullivan and English, his employees, to accept the protection of the act by signing the notice of their election to operate under it provided for by section 4957, Kentucky Statutes, and led them to believe that they were protected by the act in working at wrecking the building, under authority of Ramey, et al. v. Broady, 209 Ky. 279; and Junior Oil

Company v. Byrd, 204 Ky. 375, he is estopped to deny that they were protected in that labor by the act, and that by reason of these facts the labor that they were engaged in when injured fell under the protection of the act. Hence it is insisted that the employees are entitled to an award of compensation against him and that appellant insurer is liable under the insurance contract for its payment. We can not understand for the reasons above indicated how in any event under the facts hereof insurer could be held liable. Whether as between the employer and the employees facts which might estop the former to deny that the operation was being prosecuted under the protection of the act would operate to give the compensation board jurisdiction to entertain the applications for compensation it will not be necessary to and we do not determine. The employees are not so insisting. They accepted the judgment of the board that it had no jurisdiction of their proceedings, and on this appeal insist that the conclusion of the board was correct. Appellee seeks to have it adjudged that he may rely on facts which he created, from which an estoppel may have arisen against him, for his own protection. No principle is older or more venerated than that a litigant may never rely upon his own fraud or wrong. The employees instituted their application for compensation upon the theory that the employer had elected to prosecute that operation under the act and had brought him and them under its provisions in the statutory way. They did not plead or rely upon anything done by their employer or his insurer to have operated by way of estoppel to give the board jurisdiction of their applications, nor have they so insisted at any stage of the proceedings. Hence that question is not here. Appellee can not be heard to say that he has estopped himself into the jurisdiction of the compensation board.

Upon the whole case this court has concluded that the compensation board correctly concluded that the applications for compensation instituted by the three employees, appellants, Kelly, Sullivan, and English, should be dismissed, and that the judgment of the circuit court should be reversed and judgment in conformity herewith should be entered herein.

Reversed and remanded for judgment not inconsistent herewith.

The whole court sitting.