# Kentucky Central Life and Accident Insurance Company v. Edmonson.

(Decided March 15, 1927.)

## Appeal from Jefferson Circuit Court. (Common Pleas, Fourth Division).

1. Insurance—Refusal to Permit Amended Rejoinder, Pleading Provision that no Agent Could Waive Provisions of Policy Sued on Held Proper—In action on life insurance policy, defended on ground that insured was over 50, which was maximum risk, when policy was issued, and not 47 as stated therein, court did not err in refusing to permit amended rejoinder, pleading provision that no agent had authority to waive any provisions of policy, no question as to such right being involved.

2. Insurance—If Insured's Age was Stated in Policy as 47, When Insurer Knew he was Over 50, Policy Issued was Not Invalid.—If insurer knew, when policy was issued, that insured was over 50, which was the maximum risk, but inserted statement therein that he was 47, he was 47 at that time so far as contract was concerned, but if statement was inserted as result of representations, falsity of which was unknown to insurer, there was no contract, and insurer is liable only for return of premiums, with interest.

3. Insurance—Application, Relevant parts of which were Not Attached to or Printed on Policy, is Inadmissible in Evidence (Ky. Stats., Section 679).—Written application, parts of which relied on as forming parts of policy or bearing thereon, were not attached thereto or printed on face or reverse side thereof, as required by Ky. Stats., section 679, could not be introduced in evidence.

4. Insurance—Inadmissibility of Application, Not Made Part of Policy, Does Not Prevent Showing that Insurer Stated Insured's Age in Policy, with Knowledge that he was Older (Ky. Stats., Section 679).—Inadmissibility in evidence of written application, because parts relied on as part of policy sued on were not attached to or printed on it, as required by Ky. Stats. section 679, does not prevent plaintiff from showing that defendant stated in policy that insured was 47, with knowledge that he was over 50, which was maximum risk, by testimony as to what occurred when application was made.

5.  Insurance—Beneficiary, Giving Insured's True Age, May Recover
    on Policy Stating Wrong ᴵAge.—Undisputed evidence that bene-
    ficiary, in applying for policy on her father's life, truthfully gave
    his age to insurer's agents as over 50, which was the maximum
    risk, would entitle her to recover on policy stating that he was
    47, as showing that no fraud on her part, but undisputed evidence
    that she told them he was under 50 and that insurer issued policy
    in reliance on such information would preclude recovery.

6.  Insurance—Whether Beneficiary Stated that Insured was Over
    or Under Maximum Insurable Age Would be for Jury on Conflict-
    ing Evidence.—Whether beneficiary, in applying for life policy,
    told insurer's agents that insured was over 50, which was maxi-
    mum risk, or falsely stated that he was under 50 and policy was
    issued in reliance on such information, would be for jury on con-
    flicting evidence.

7.  Insurance—Evidence Held Insufficient to Show Insurer's Know-
    ledge that Insured was Over Maximum Insurable Age When
    Policy was Issued.—In action on life insurance policy, plaintiff's
    testimony that she told defendant's agents that insured might be
    57 or 47, as she did not know his age, held insufficient to show
    that insurer knew that he was over 50, which was maximum risk,
    when policy was issued.

8   Insurance—Agents, Authorized to Solicit Insurance and Obtain
    Necessary Information from Applicant, were Insurer's Agents,
    Whose Knowledge of Insured's Age was Insurer's Knowledge.—
    Agents, authorized to solicit insurance for life insurance company
    and obtain such information from applicant as would enable com-
    pany to determine whether it would issue policy, were agents of
    company, not of applicant, and their knowledge of insured's true
    age was that of company.

9.  Contracts—Contract, Obtained Through Fraudulent Representa-
    tions, May be Rescinded Within Reasonable Time After Discover-
    ing Fraud.—Contract, obtained through false representations of
    one party relied on by other, which would not otherwise have
    made contract, may be rescinded by party defendant on discvovery
    of fraud or within reasonable time thereafter.

PETER, LEE, TABB & KRIEGER, for appellant.

JOS. M. HUFFAKER and LAWRENCE S. GRAUMAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee instituted this suit in the Jefferson
circuit court against the appellant, seeking to recover
$1,000.00 on a contract of insurance in the form of a
policy executed to her on the life of her father, Ed. Jones.
The risk insured against was injury or death by accident.
The insured, Ed Jones, was killed in an accident a few
months after the policy was issued. The appellant de-

fended on the ground that the policy contained this provision:

> "This company will not accept risks on this policy under the minimum age of eighteen (18) years, nor over the maximum age of fifty (50) years next birthday, and if the insured on the date of this policy is under said minimum or over said maximum ages this policy is null and void."

Ed. Jones was more than fifty years of age when the policy was issued, and was probably about sixty-five years of age at that time. Appellant pleads that appellee stated to the agent of appellant prior to the issual of the policy that the insured, her father, was forty-seven years of age at his next birthday, and that the policy was issued upon the faith of that representation. In her reply appellant denies making any such representation as to the age of the insured, and pleads affirmatively that she advised the agents who solicited her for the insurance that she did not know the age of the insured; that he might be fifty-seven years of age or that he might be forty-seven years of age. The issues were completed by the filing of a rejoinder.

Depositions were taken in Augusta, Georgia, the place of residence of the insured, showing how he came to his death and also substantially showing his age. The application for the policy was made in Louisville, Kentucky, while the insured was in Augusta, Georgia. So far as this record shows, he knew nothing whatever about the policy at the time it was issued or thereafter. The appellee, testifying in her own behalf, stated that Mr. Plenge and Mr. Newton, agents for the company, came to see her to collect a premium on a policy which she was carrying in the appellant company; that Mr. Plenge asked her to let him write a policy on her father and that she allowed him to do so and gave him a quarter to pay the premium; that she made a written application for the policy and it was delivered to her about a week later; that in response to the question asked her by the agents about the age of her father she said that she told them he might be fifty-seven or he might be forty-seven as she did not know his age.

Mr. Plenge, a soliciting agent or collector, took the application for the policy on the life of her father, and Mr. Newton, a special agent of the company, was with

him. He testified that when appellee requested a policy on the life of her father they inquired his age and were informed by her that he would be forty-seven at his next birthday. Mr. Newton did not testify, but an affidavit as to what he would have stated is placed in the record. The court appears to have held incompetent the evidence of both Plenge and Newton, and at the conclusion of all the testimony he gave the jury a peremptory instruction to find for the plaintiff.

Many questions are raised on this appeal, but few of them have any application to the main point in issue. Complaint is made that the court did not allow appellant to file an amended rejoinder in which it sought to plead a provision of the policy that no agent had authority to change the policy or to waive any of its provisions, and that no change in the policy should be valid unless aproved by an executive officer of the company and such approval indorsed thereon. There is no question in this case about the right of an agent to waive a provision of the policy. The policy on its face shows that the insured was forty-seven years of age, and if that is correct, or if the insured was not more than fifty years of age, the policy is binding. If the company knew at the time it issued the policy that insured was more than fifty years of age and yet inserted in the policy that he was forty-seven years of age at his next birthday, then he was forty-seven years of age at that time so far as the contract sued on is concerned, because there could be no competent evidence to show to the contrary. If, however, that statement as to his age was placed in the policy as the result of false representations made by the appellee, the falsity of which were unknown by the appellant, when, in truth and in fact, he was more than fifty years of age, there was no contract of insurance and appellant is responsible only for the return of the premiums which it received, with interest thereon.

The application could not be introduced in evidence because the parts thereof relied upon as forming a part of the policy or contract between the parties thereto, or as having any bearing on said contract, were not attached to the policy or printed on the face or reverse side thereof, as required by section 679, Ky. Stats. The statement in the policy that the insured was forty-seven years of age has nothing to show that it was taken from the application. The court was correct, therefore, in holding that the written application could not be introduced as

evidence. That does not prevent, however, the appellee from showing, if she can, that appellant stated in the policy that the age of the insured was forty-seven when it knew that his age was above fifty. She may show this by her testimony as to what took place when she made application for the policy. If it should be shown by her that she gave to the agent the age of her father as above fifty and the policy was issued showing that he was under fifty, she would be entitled to recover if this evidence was undisputed, as it would show that there was no fraud on her part in causing the age to be inserted in the policy as forty-seven. If, on the other hand, the appellant can show by its agents or otherwise that at the time she made application for the policy she gave them the information that insured was under fifty years of age, and that, relying upon that information, the appellant issued the policy, and this evidence should be undisputed, appellee cannot recover. If there is a conflict in the evidence on this point it is a question for the jury. The evidence of appellee that the insured may have been fifty-seven years of age or that he may have been no more than forty-seven years of age is not sufficient to show that the company had knowledge that he was more than fifty years of age when the policy was issued.

It was within the authority of the agents taking this application to solicit insurance for appellant, and it was within the authority of the agent to obtain such information from the person making the application as would enable appellant to determine whether it would issue the policy, and for these reasons the agents who obtained this application were the agents of the appellant and not the agents of appellee. The knowledge of these agents, therefore, was the knowledge of the appellant. There is no question in this case of the waiver of the written provisions of the policy. It falls within the law of contracts, and where a contract is obtained through the false and fraudulent representations of one of the parties, which were relied upon by the other party, and, but for which false and fraudulent representations no contract would have been made, the party thus defrauded may rescind the contract upon the discovery of such fraud, or within a reasonable time thereafter. If it was agreed by the parties when the contract was executed that Ed. Jones would be forty-seven years old at his next birthday that is conclusive of the truth as to his age. If fraud was

practiced by appellee, unknown to appellant, and as a result of that fraud, his age was stated at forty-seven at his next birthday, and appellant, relying upon the fraudulent statements, issued the policy, and did not learn of the fraud until after the death of Ed. Jones, it may annul the contract by showing that the insured was more than fifty years of age at the time the policy was issued.

The judgment is reversed and cause remanded for proceedings consistent with this opinion. Whole court sitting.