# Aetna Life Insurance Company v. City of Henderson et al.

(Decided October 30, 1928.)

HUMPHREY, CRAWFORD & MIDDLETON and PENTECOST & YEAMAN for appellant.

JOHN L. DORSEY and DORSEY & DORSEY for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The sole question involved on this appeal is the proper construction of a policy of workmen's compensation insurance issued by the appellant to appellee. The facts show that the city of Henderson elected to operate its business affairs, at least in part, under the Workmen's Compensation Law (Ky. Stats., secs. 4880-4987). One of its employees was a truck driver, Thomas Davis, who also accepted the provisions of the Workmen's Compensation Act. The city obtained the policy sued on covering its employees on the street-cleaning pay roll, including drivers, chauffeurs, and their helpers, and also

the employees engaged in street or municipal road or street making, including paving and surfacing, but not including quarrying and blasting. At the time of his injury and death, Davis was employed by the city of Henderson as a truck driver, and his immediate superior was the superintendent of streets. The superintendent of streets had charge of street repairing, construction, and repairing of sewers, collection and disposal of garbage, and such hauling as was required to be done for the gas, light, and water departments. The city owned its own trucks, one of which was driven by Davis, and he did such work as he was directed to perform by the superintendent of streets. The superintendent kept the time of Davis so as to show the time worked by him for the various departments.

The wages of Davis were charged to the different departments, and paid from funds belonging to the separate departments for which he worked. On the occasion when Davis received the injuries which resulted in his death, he was engaged in delivering coal to the gas plant for the operation of that plant. The operation of the gasworks was covered by another workmen's compensation policy issued to the city of Henderson by the Royal Indemnity Company. At the immediate time of his injury, Davis was engaged in unloading, or assisting in the unloading, of a car of coal for the use of the gasworks, and was hauling and delivering the coal to the gasworks.

After his death the Workmen's Compensation Board awarded to his dependent widow compensation at the rate of $12 a week for 333 1/3 weeks, and burial expenses not to exceed $75, and medical expenses not to exceed $100. This award was made against the city of Henderson.

The appellant denied its liability for the award, claiming that its policy did not cover the particular accident, and the Royal Indemnity Company also denied its liability on the same ground.

Argument is advanced in the briefs relating to the point that the wages of the decedent were, or were not, considered in fixing the amount of the premium. There seems to be an idea that this has something to do with the liability of the insurance carrier. We do not think so. The rates were subject to adjustment from time to time, and the wages paid Davis may have been included by the appellant in some future adjustment, if not included in the estimate of the premium required to carry the insurance contract.

On the facts as briefly set out above, the lower court reached the conclusion that the contract carried by the city of Henderson with appellant covered Davis at the time of his injury and death. He reached his conclusion from a consideration of the language of the policy itself. and it is from a consideration of the same language that we must conclude whether the lower court was correct in the construction of the contract. The provisions of the policy under consideration are as follows:

| Classification of Operations. | Estimated Total Annual Remuneration. | Rate Per $100 of Remuneration. | Estimated Premium. |
|---|---|---|---|
| 1 (a) 9402 street cleaning pay roll to include drivers, chauffeurs and their helpers.......... | 3,000 | 2.90 | 89.70 |
| 6042 state or municipal road or street making, including culverts not exceeding 10 ft. span; all operations, including paving and surfacing but not including quarrying and blasting ..................... | 13,000 | 2.64 | 343.20 |
| *    *    *    *    *    *    * | | | |
| 5 (c) Drivers and drivers' helpers (if not included in 1) wherever engaged.................. | Included above | | |
| (d) Chauffeurs and chauffeurs' helpers (if not included in 1) wherever engaged.......... | Included above | | |

An examination of these provisions of the policy discloses that it covered two classifications under the workmen's compensation manual. But the lower court thought that it covered more than the two classifications, and that it included two having no code number in the classification manual. This coverage, according to the expressed views of the lower court, related to drivers and drivers' helpers wherever engaged, and chauffeurs and chauffeurs' helpers wherever engaged. It is insisted by counsel for appellant that the quoted provision of the policy shows clearly that it only covered drivers and drivers' helpers, and chauffeurs and chauffeurs' helpers wherever engaged while they were working in either the street-cleaning department, or the state or municipal road, or street-making department. The language quoted, as it relates to drivers and chauffeurs and their helpers, shows that the pay roll to such employees was, included in the quoted provisions of the policy under the code numbers.

It is also established by the evidence that there is a code number in the classification manual for helpers and chauffeurs when they are covered in a separate classification.

Section 4953, Ky. Stats., provides that every policy shall provide for complete coverage, that is, that the policy shall cover the entire liability of the employer for compensation. But there is another provision in the same section, and that is that on the face of every such policy shall be printed conspicuously the words:

> "Insurance under this policy is in class (designating the same) of the company's Workmen's Compensation Classification Manual."

In the blank where the class is to be designated, the number, or other designation in the manual under which the policy is written, must be placed before the policy is issued. It is further provided that, if more than one class of risk be covered by the same policy, the separate risks and their corresponding manual classifications shall be stated in the same manner. The policy under consideration covers two risks, and the manual classifications which cover these two risks are set out by numbers.

In the case of Kelly v. Nussbaum, 218 Ky. 330, 291 S. W. 754, this court held that a policy must designate the risks covered, and give their corresponding manual classification numbers, and that the policy is only a complete coverage of the risks so classified, and is not a coverage of risks not embraced in the particular classifications. It follows, therefore, that, unless the quoted provision of the policy shows there was a separate classification covering drivers and chauffeurs wherever engaged, the lower court was in error in holding that the policy covered Davis at the time he was engaged in hauling and delivering coal to the gasworks. As there was a separate classification for unattached drivers and chauffeurs in the manual, and as the language quoted shows that the pay roll was confined to drivers and chauffeurs engaged in the street-cleaning department and the road and street-making department, we are of the opinion that the policy did not cover Davis at the time of his injury. If he had been injured while he was engaged in the performance of work in connection with either of the classifications mentioned in the policy, the appellant would be liable beyond all question, but the testimony is undisputed that, at the time he was injured, he was doing no work that in any

way related to either of the classifications. His duties required him to work wherever he was directed to work, but at the time of his injury he was not working in either of the departments covered. His time when he was injured was not charged to either of the departments covered, but was charged to another department. The methods of the city in carrying on its work were so well worked out that it is not difficult to determine for which department an employee such as Davis was working at all times, and that simplifies the situation considerably.

We are without the aid of any brief filed in behalf of appellee in this particular case. The petition of appellee should have been dismissed.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Judge McCandless dissenting.