# Nussbaum v. General Accident, Fire & Life Assurance Corporation, Limited, of Perth, Scotland.

(Decided March 27, 1931.)

JOSEPH SOLINGER and ALEX H. VEENEMAN for appellant.

O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Appellee issued to Karl Nussbaum an Insurance policy pursuant to an application made by him, which was made part of it; insuring him in one clause against his liability to his employees under the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987) and in another clause against the liability imposed upon him at common law, on account of injuries to such employees. The policy contained this clause:

"This agreement shall apply to such injuries so sustained by reason of the business operations nec-

essary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places.

"This agreement shall apply only to such injuries so sustained by reason of accidents occurring during the policy period, limited and defined as such in item 2 of said declaration."

In the application, or, as it is called, the declaration signed by appellant, the business is thus defined: "Junk dealers, shop and outside, no blasting and wrecking of buildings." "Payroll to include drivers, chauffeurs and their helpers." The employees are thus set out: "Outside salesmen, collectors and messengers wherever engaged, who do not deliver merchandise. Drivers and drivers' helpers, wherever engaged. Chauffeurs and chauffeurs' helpers, wherever engaged." While the policy was in force Nussbaum was wrecking a four-story brick whisky warehouse in Louisville; one of the walls fell. Some of his employees were killed, and others were injured. The persons who were injured went before the Workmens' Compensation Board to obtain redress from the insurance company. The board decided in favor of the insurance company. The case was appealed to this court, and the judgment of the board was sustained by this court in Kelly v. Nussbaum, 218 Ky. 330, 291 S. W. 754. That proceeding was based upon the clause of the policy indemnifying Nussbaum under the Workmen's Compensation Act. After the decision of that case this suit was brought by Nussbaum against the company under the clause of the policy indemnifying him against his common-law liability to his employees. The insurance company made the same defense as it made in the former action, and, on the hearing before a jury the parties, by consent, read the evidence given in the former action, and, this being all the evidence offered, the circuit court peremptorily instructed the jury to find for the defendant. Nussbaum appeals.

It is earnestly insisted for appellant that the judgment in the former case cannot be a bar here, because the cause of action is not the same. But that opinion turned on the proper construction and effect of the language of the contract. The case was considered by the whole court, and the court sees now no reason for a dif-

ferent conclusion. By the ordinances of the city of Louisville a junk dealer was required to take out a license and pay a certain sum. By another provision of the same ordinance, one who is engaged in blasting and wrecking buildings was required to take out a license and pay a larger sum. Nussbaum was in fact running a junk shop in the city and took out license as a junk dealer only, paying the smaller license. He had no license for blasting and wrecking of buildings. In addition to this, when he went before the Workmen's Compensation Board to get the benefits of its privileges, he stated that he was a junk dealer and his insurance rates were fixed at the rate fixed for junk dealers. There was a separate and higher rate for blasting and wrecking of buildings. Nussbaum knew or, by the slightest attention to the business, should have known, that his insurance was fixed on the basis that he was a junk dealer, and not on the basis that he was following the more dangerous business of blasting and wrecking buildings. It is common knowledge that insurance rates on the different kinds of work vary in proportion to the danger of the work. The insurance rates were in fact $3 higher per each $100 paid employees monthly for the blasting and wrecking of buildings than for a junk dealer. Under such facts the court cannot read out of the contract the words "no blasting or wrecking of buildings," and to hold otherwise would be in effect to do this. Nussbaum stated in his application, not only the location of his business as a junk dealer, but he gave the occupation of the persons employed and in general terms the nature of the business. The place he gave was simply the place where he had his junk shop and not the place where he afterwards went to wreck the building.

It is earnestly insisted that under the policy operations incident to the business or appurtenant or connected therewith are included, and that the wrecking of a building is incident to the business of a junk dealer. But one clause in the policy will not be read as conflicting with another clause, and by another clause in the policy blasting and wrecking of buildings is excluded from its operation.

It is further insisted that a policy of insurance that is ambiguous or not clear should be construed against the insurer. But the words upon which the case turns are not the words of the insurer, but the declaration of the insured. He signed the paper and sent it to the com-

pany to obtain the insurance. The policy was issued upon this paper, and the insured. cannot complain if his own paper is read according to the natural meaning of the words in it.

Lastly it is insisted that the appellee is estopped to make this defense. He testified that he obtained the insurance from Charles Woidich; that Woidich knew that he was wrecking this building; was there at different times and saw the work going on and made no objection; that several of his employees had received injuries and the defendant had sent a doctor and had them treated and had paid some claims. But, on the other hand, the defendant proved, by three uncontradicted witnesses, that Charles Woidich was not its agent and was never in its service; that he was an insurance broker in Louisville and nothing more, and did not represent the defendant at any time. They also showed that the claims referred to were paid when the company did not know anything about the wrecking business, and that the doctor too was sent under the same circumstances.

An estoppel should be clearly proved. An estoppel too is only available to a person who is himself innocent and mislead by the other party. Nussbaum lived in Louisville. It is presumed that he knew the ordinances of the city. He knew that he was paying a license only as a junk dealer. He knew that he was rated by the Workmen's Compensation Board only as a junk dealer. As a business man it must be presumed that he knew what ordinary business men knew. If he had been insured for the business of blasting and wrecking of buildings he would have paid $3 per hundred more than he paid for the insurance he had. He knew he was only insured as a junk dealer, and that he was only paying insurance as a junk dealer and the insurance company should not be held at fault by reason of what it did, as above stated, unless Nussbaum clearly brought to its knowledge the fact that he was blasting or wrecking buildings. This he did not show, and the circuit court properly gave the peremptory instruction for the defendant.

Judgment affirmed.

The whole court sitting.