## American Employers' Insurance Company v. Head.

(Decided May 3, 1932.)

C. C. GRASSHAM and ADRIAN H. TERRELL for appellant.

W. A. BERRY and JOHN G. RYAN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Reversing.

This appeal presents numerous important and interesting questions of fact and law. The predominant and determinant one is whether the cause of action stated in the petition has been established by the evidence adduced by the plaintiff, here the appellee.

Gordon E. Head, for many years next prior to December, 1927, had been engaged in the business of "Special Agent and Adjuster of fire losses." During recent years he had carried accident, health, and life insurance policies, which were issued to him by different companies, and on which he collected $570, April 6, 1923, and $744.15, June 21, 1927. On the 19th day of December, 1927, he applied to L. Otis, who was an insurance broker residing at Paducah, Ky., for a policy insuring his life in the sum of $7,500 and a weekly indemnity for total disability caused by illness only. L. Otis at that time was not a licensed agent or solicitor of the American Employers' Insurance Company. Walter Miller, residing at Louisville, Ky., was, at that time, its general agent, with authority to accept applications and to issue and deliver its policies to the insured. A portion of Head's application was filled out by Otis in Head's absence, and the remainder in his presence; signed by him, and forwarded by Otis to Miller. Miller countersigned the policy, and attached the application to it, and mailed it to Otis, who delivered it to Head upon his payment of the premium of $25.

Head accepted the policy, with the application attached to it, and retained it. On the 18th day of May, 1928, while the policy was in effect, in a room oc-

cupied by him in the Seelbach Hotel in Louisville, Ky., Head sustained a fall from which he received a serious injury which caused his confinement in a hospital for several consecutive months. On April 21, 1930, he filed this action in the McCracken circuit court against the appellant, the American Employers' Insurance Company, wherein he sought to recover of it a $25 weekly indemnity for the injury he suffertd from the fall at the Seelbach Hotel, and the hospital expenses incident thereto. He predicated his cause of action on paragraph 2 of agreement II of the policy, which is in this language:

"(2) If such injuries shall not result in any of the losses enumerated in Agreement 1, but shall independently and exclusively of all other causes continuously and wholly disable and prevent the Insured from the date of the accident causing such injuries from performing any and every kind of duty pertaining to his occupation, the Corporation will pay so long as he lives and suffers such continuous and total disability the weekly indemnity expressed in Warranty 7 of the Schedule of Warranties for this policy."

To recover hospital expenses, he based his cause of action therefor on paragraph 2 of agreement II under agreement X which is in this language:

"If a bodily injury, for which indemnity is payable under this Policy, is suffered by the Insured, and if on account of said bodily injury, and within ninety days from the date of the accident, the Insured is removed to a hospital or sanitarium, the Corporation will pay the insured (in addition to the indemnity otherwise payable for said injury) for the period, not exceeding twelve consecutive weeks, during which time he is continuously confined in said Hospital or Sanitarium, the amount expended by him weekly on account of Hospital or Sanitarium expenses, not exceeding per week the weekly indemnity expressed in Warranty 7 of the Schedule of Warranties for this policy."

Neither the policy nor the application was filed with the petition. To excuse his failure to file them as a part of the petition, he averred "the policy has been lost

through no fault of his and he was unable to locate same." He asked that the company be required to file with its answer a copy of the policy. He alleged in his petition:

"That on the 19th day of December, 1927, defendant in consideration of the payment to it by plaintiff of the sum of $25.00 executed and issued to plaintiff its certain policy of insurance No. AA 36267, whereby it insured plaintiff for a period of twelve months from and after said date against accidental death in the principal sum of $7,500.00, and against total disability caused by accidental injury in the sum of $25.00 per week, said indemnity against accidental injury being contained in Par. 2₅ of Agreement 2 of said Policy."

And he further averred:

"That on or about the 15th day of May, 1928, and while said policy was in full force and effect, the plaintiff suffered an accidental injury by falling upon a concrete floor and thereby severely injuring his spine, and that by reason of such injuries he was wholly disabled and prevented, and has been wholly disabled and prevented continuously from the time of such accident from performing any and every kind of duty pertaining to his occupation; that said fall was and is independently and exclusively of all other causes the cause of said injury and disability. . . ."

In its answer the appellant, by proper and sufficient language, specifically denied that Head either applied for or that it issued and delivered to him a policy indemnifying him for total or any disability caused by accidental injuries. On a trial before a jury, Head did not offer, nor did the jury receive as evidence at his instance, either the application or the policy, or a specimen copy of either of them. As a part of its answer, the appellant filed specimen copies of the policy and the application with Head's signature to it. L. Otis was a witness in behalf of Head. On her cross-examination a specimen copy of both the application and the policy was introduced as evidence in behalf of the appellant. The appli-

cation, in so far as it relates to the issue presented by the pleadings, is in this language: 

> "American Employers' Insurance Co., of Boston, Mass., 2800. Submission or particulars for accident and (or) disability insurance. The following is a complete and true copy of schedule of warranties of the policy delivered to the insured and includes all entries made in said schedule of warranties of the policy. No. 1. What is your full name? A. Gordon E. Head. Q. What is your age? A. 47. Q. Date of Birth? A. Dec. 15, 1880. Q. Place of Birth? A. Paris, Tenn. Q. Height? A. 5 ft. 11 in. Q. Weight? A. 150 lbs. Q. Race? A. White. Q. Sex? A. Male. Q. Where do you reside? A. Seelbach Hotel, Louisville, Jefferson Co., Ky. . . . No. 6. . Q. What amount of insurance against accidental death do you apply for? A. $7,500.00. No. 7. Q. What amount of weekly indemnity against total disability caused by accidental injuries do you apply for? A. $————. No. 8. Q. What amount of weekly indemnity for total disability caused by illness do you apply for? A. $25.00. No. 9. Q. What is the premium of this insurance to be? A. $25.00."

So much of the policy as is material to the issue is in this language:

> "American Employers' Insurance Company of Boston, Massachusettes (hereinafter called the corporation) hereby agree with the person named as applicant in the 'Schedule of Warranties for this Policy' attached hereto and made a part hereof, hereinafter called the Insured, as respects bodily injuries sustained by the Insured during the policy period solely and independently of all other causes through accidental means, subject to the provisions and limitations hereinafter set forth:

> "Specific Indemnity.

> "Agreement No. 1. If such injuries shall wholly and continuously disable the Insured from the date of the accident causing such injuries from performing any and every kind of duty pertaining to his occupation, and during the period of such con-

tinuous disability shall result independently and exclusively of all other causes in any of the losses enumerated in the following 'Schedule of Indemnities' or if within one hundred and eighty days from the date of such accident, irrespective of total and continuous disability, such injuries shall result in like manner in any one of the said losses, the Corporation will pay the sum set opposite such enumerated and resulting loss; but if such injuries result in more than one of said losses, the Corporation will pay but one sum of those hereinafter enumerated.

## "Schedule of Indemnities

"The Principal Sum of this Policy is as expressed in Warranty 6 of the Schedule of Warranties for this Policy.

| Losses | Sum |
|---|---|
| Life | The Principal Sum |
| Both hands by severance at or above the wrists | The Principal Sum |
| Both feet by severance at or above the ankles | The Principal Sum |
| One hand at or above the wrist and one foot at or above the ankle by severance | The Principal Sum |
| Entire sight of both eyes if irrecoverably lost | The Principal Sum |
| Entire sight of one eye if irrecoverably lost and one hand at or above the wrist by severance | The Principal Sum |
| Entire sight of one eye if irrecoverably lost and one foot at or above the ankle by severance | The Principal Sum |
| Either arm by actual severance at or above the elbow | Two-Thirds The Principal Sum |
| Either leg by actual severance at or above the knee | Two-Thirds The Principal Sum |
| Either hand by actual severance at or above the wrist | One-half The Principal Sum |
| Either foot by actual severance at or above the ankle | One-half The Principal Sum |
| Entire sight of one eye if irrecoverably lost | One-half The Principal Sum |
| Thumb and index finger of either hand by severance at or above the Metacarpophalangela joints | One-Third The Principal Sum |

"Upon the payment by the Corporation of the single sum as in this Agreement provided for, all liability of the corporation to pay any further sum

under this agreement for any further injuries or on account of any other accidents shall cease and be at an end.

"Single Weekly Indemnity.

"Total Disability.

"Agreement II. (1) If such injuries shall wholly and continuously disable and prevent the Insured from the date of the accident causing such injuries from performing any and every kind of duty pertaining to his occupation and, during the period of such continuous and total disability, shall result independently of all other causes in any one of the losses enumerated in Agreement I, the Corporation will, in addition to the specific indemnity provided for in Agreement I, pay to the date of death, dismemberment, or loss of sight the weekly indemnity expressed in Warranty 7 of the Schedule of Warranties for this Policy; or

"(2) If such injuries shall not result in any of the losses enumerated in Agreement I, but shall independently and exclusively of all other causes continuously and wholly disable and prevent the insured from the date of the accident causing such injuries from performing any and every kind of duty pertaining to his occupation, the corporation will pay, so long as he lives and suffers such continuous and total disability the weekly indemnity expressed in Warranty 7 of the Schedule of Warranties for this Policy.

"The two several provisions for payment of weekly indemnity provided for in this Agreement II are in the alternative, and the Corporation shall not be called upon to make payments under more than one of said provisions."

A comparison of that portion of the policy copied into the petition of Head with the specimen in evidence, in connection with a reading of warranty 7 of the "Schedule of Warranties" in the application, shows that Head neither applied for, nor was he issued, a policy indemnifying him for total or any disability caused by accidental injury, such as he suffered by reason of the fall, in May, 1928, at the Seelbach Hotel. The accidental injury sustained by Head was not within the protection of the insurance policy and the attached application,

specimens of which were introduced as evidence without objection of Head. It was conceded on the trial in the circuit court that the specimen copies are complete and perfect, and it is not even suggested here that the application and policy are not within sections 656 and 679, Ky. Stats., as they have been applied by this court in similar cases. Continental Casualty Co. v. Harrod, 100 S. W. 262, 30 Ky. Law Rep. 1117; Kentucky Central Life & Accident Ins. Co. v. Edmonson, 218 Ky. 825, 292 S. W. 511. The evidence was not disputed on the vital issue. Therefore it is apparent the court erred in overruling appellant's motion for a peremptory instruction. Kelly v. Nussbaum, 218 Ky. 330, 291 S. W. 754; Nussbaum v. General Accident, Fire & Life Assur. Corp., Ltd., 238 Ky. 348, 38 S. W. (2d) 1. The court is not required to consider any other question presented properly to dispose of this case.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.