## Strunk v. Barren Fork Coal Company et al.

(Decided March 13, 1934.)

G. W. HATFIELD for appellant.

V. C. McDONALD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

W. O. Strunk, an employee of the Barren Fork Coal Company, appeals from a judgment affirming the action of the Workmen's Compensation Board denying him compensation on the ground that the board was without jurisdiction.

The facts are: The Barren Fork Coal Company operates a coal mine in McCreary county. Its mine, tipple, and camp are located about a mile and a half from the main line of the Southern Railway. In connection with its mine it operates a short line of standard gauge railroad track extending from the Southern Railway to its tipple. The equipment consists of a small steam locomotive and one flat car. The locomotive is used to haul standard railroad cars to and from the tipple to the Southern Railway track. The flat car is used by the company in carrying supplies to its commissary at the mining camp. In addition to the broad gauge track the company operates a narrow gauge track extending from the foot of the incline near the tipple to the mouth of the mine. It was the duty of Strunk to assist in the maintenance and repair of the two tracks. According to Strunk, he received an injury to his hand while engaged in excavation on the line of the broad gauge road. Both he and the coal company had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.).

The Workmen's Compensation Board gave no reason for its ruling that it was without jurisdiction. It is claimed that its action was proper on two grounds; the first of which is that steam railways are expressly exempted from the operation of the Workmen's Compensation Act by section 4880, Kentucky Statutes. In so far as applicable the statute reads:

"This act shall apply to all employers having three or more employees regularly engaged in the same occupation or business, and to their employees, except that it shall not apply to domestic employment, agriculture, steam railways, or such common carriers other than steam railways for which a rule of

liability is provided by the laws of the United States.''

The act deals with employers and their employees, and exempts from its operation steam railways or such common carriers other than steam railways for which a rule of liability is provided by the laws of the United States. In our opinion the exemption is confined to steam railways that are engaged in the business of a common carrier, and are themselves the employers. It does not apply where, as here, a coal mining company is the employer and operates a short line of steam railway not as a common carrier, but solely for the purpose of carrying on its own business of mining and marketing its coal.

The other ground on which it is claimed the action of the Workmen's Compensation Board was proper is that in its notice of election to operate under the Workmen's Compensation Act the coal company designated its business as ''coal mining,'' and such designation is not broad enough to include the operation of a steam railway. It doubtless is true that an employer engaged in two or more different kinds of business may elect to operate under the Workmen's Compensation Act as to one, and not as to the other, and that as between the employer and the insurance carrier an election as to a particular business will not include a separate and distinct business, Kelly v. Nussbaum, 218 Ky. 330, 291 S. W. 754; but we find no place in this case for the application of that rule. The purpose of mining coal is not merely to get the coal out of the ground, but to sell it. Where the mine is located on a railroad or a stream, the problem of transportation is an easy one. Where such facilities are some distance away, the mining company must adopt some method of reaching them. With this end in view the Legislature passed an act authorizing any person engaged in operating a mine or stone quarry, within three miles of any navigable stream or railroad, to construct and operate a line of railroad from such mine or quarry to the most convenient and accessible point on such stream or road, for the purpose of transporting material to and from such stream or railroad. Kentucky Statutes, sec. 815. Where the conditions named in the statute exist, the act not only confers on the coal mining company the right to operate such line of railroad, but clearly recognizes the necessity for such construction and operation. Here the line of railway ex-

tends from the tipple to the Southern Railway, a distance of a mile and a half. It is used solely for the purpose of transporting coal and carrying supplies. In the circumstances we are constrained to the view that the operation of the railroad in question by the coal mining company is in no sense a separate and distinct business, but is an essential part of its business of mining and marketing coal. It follows that the Workmen's Compensation Board has jurisdiction of the claim, and that both the board and the court erred in holding the contrary.

Judgment reversed, and cause remanded, with directions to remand the case to the Workmen's Compensation Board for a hearing on the merits.