### Connecticut Fire Insurance Company v. Moore.

(Decided May 22, 1913.)

Appeal from Hickman Circuit Court.

1.  Pleading—Defect—When Cured by Verdict.—The omission of a fact essential to a cause of action will not be cured by the ver-

dict, when there is no admission or proof of the fact, nor submission of the question to the jury.

2. Judgment—Non obstante veredicto—Not Allowed After Motion for a Peremptory Which Should Have Been Sustained.—A party is not entitled to a judgment non obstante veredicto where at the conclusion of the evidence he moves for a peremptory instruction and his motion should have been sustained.

3. Insurance, Fire—Forfeiture for Additional Insurance—Waiver—Evidence.—Evidence that an agent at the time of the taking out of a policy consented to additional insurance is admissible on the question of waiver.

4. Insurance, Fire—Agent—Evidence—Admission.—Proof of knowledge of an insurance agent authorized to solicit insurance and issue policies of additional insurance may be shown by proof of his admission of knowledge made during the continuance of the agency.

5. Evidence—Letter—Proof of Contents—Practice.—Where a letter is in the possession of the adverse party it is the proper practice to give him reasonable notice to produce it, before receiving other proof of its contents.

OLIVER & OLIVER for appellant.

E. M. BRUMMEL, JOSEPH BENNETT and ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Mona M. Moore, was engaged in the millinery business in the town of Clinton, Kentucky. On March 28, 1911, the Connecticut Fire Insurance Company issued to her a policy insuring her stock against fire in the sum of $500. During the life of the policy her stock of goods was destroyed by fire. She brought this action to recover the amount of the policy. A trial before a jury resulted in a verdict and judgment in her favor in the sum of $500. The insurance company appeals.

The first error relied on is the failure of the trial court to sustain the company's motion for a judgment notwithstanding the verdict. The petition sets forth the issuance of the policy, the payment of the premiums, and the fact that the stock of goods was destroyed by fire. It further alleges that the defendant had broken the conditions of its contract in that it had refused and failed to pay plaintiff the full amount of the insurance or any part thereof, although the same had been due since the ............... day of ................, 1911. The petition utterly fails to show the value of the goods destroyed

or to allege that plaintiff sustained any loss under the policy. On the trial the circuit court permitted two witnesses to testify as to the value of the stock destroyed, but instructed the jury that this evidence was admissible only on the question whether the plaintiff herself set fire to the goods or caused some one else to set fire to them. The question of the value of the goods or the loss sustained by the plaintiff was not submitted to the jury. Plaintiff contends that the defect in the petition was cured by the verdict. In the case of Wilson v. Hunt's Admr., 6 B. Mon., 379, it is said: "When the verdict can be fairly considered as establishing between the parties, . the very fact which should have been, but is not precisely averred in the declaration, and especially when it clearly appears that that fact was understood by the parties to be the point in issue to be decided by the jury, it would be unnecessary for the ends of justice, and would be worse than useless to send the case back from this court, in order that the declaration should be amended by introducing that fact, and that it should again be presented for the decision of a jury." In the case of Title Guaranty & Surety Co. v. Commonwealth, 141 Ky., 570, another statement of the rule is as follows: " * * * where the parties have attempted to join an issue to be tried, and which has been tried, however defective in form the pleadings may be, a verdict for the one or the other will be held to cure such defective pleadings; that is, will cure them as to their form supplying all omitted necessary averments concerning essential facts relied on, provided the proof or admission of such facts was necessarily considered before the verdict could have been rendered. Then, if such facts, when considered as if properly pleaded as to form, do not entitle the party obtaining the verdict to that relief in law, the judgment will be for his adversary. (Hill v. Ragland, et al., 114 Ky., 209)." On the other hand, where there has been a total omission to state a cause of action, or where some fact essential to the cause of action has been wholly omitted, the verdict will not cure the defect. Drake's Admr. v. Semonin & Dixon, 82 Ky., 294. In this case the petition did not show that the goods destroyed had any value, or that plaintiff sustained any loss by the fire. There being no allegation of loss, proof of loss was not admissible, and none was admitted for the purpose of showing loss. The only evidence as to the value of the goods destroyed was admitted for an entirely different purpose. No loss

was proved or admitted. The issue of loss or damage to the goods was not submitted to the jury. While we have been very liberal in applying the rule that a verdict will cure a defect in the pleadings, we have never gone to the extent of holding that where the petition fails to state a cause of action or some fact essential to the cause of action, and there is neither an admission nor proof of this fact, nor a submission of the question to the jury, such defect in the petition will be cured by the verdict. Notwithstanding this fact, however, defendant was not entitled to a judgment notwithstanding the verdict. The record shows that at the close of the evidence it asked a peremptory instruction in its favor. As there was neither allegation nor proof of loss, the motion for the peremptory should have been sustained. It is the rule that where a party asks for a peremptory instruction which should have been given, he is not thereafter entitled to a judgment notwithstanding the verdict, but only to a new trial for the error of the court in refusing the peremptory. Mast, Crowell & Kirkpatrick v. Lehmn, 100 Ky., 464, Louisville Ry. Co. v. Hibbett, 139 Ky., 43.

The policy sued on provides that "the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company." The fire occurred on November 24, 1911. Suit was brought on January 22, 1912. Among the defenses interposed by the company was a plea in abatement, based on the fact that suit was prematurely brought. To avoid the effect of this plea plaintiff alleged that before the commencement of the action defendant had denied all liability under the policy, and had thereby waived proof of loss. The proof offered by plaintiff on the question was the testimony of Earnest Reid, who stated that he had read a letter from the defendant to its local agent, J. M. Kemp, denying liability under the policy. Reid made a copy of the letter, and was permitted, over the objection of the defendant, to read the copy. Defendant's agent testified that he delivered the letter to defendant's attorney. Where a party desires to introduce proof of the contents of a letter in the possession of the adverse party, the proper practice is to serve notice on the adverse party to produce the letter. In the event of his failure to do so, other evidence of the contents of the letter is not admissible. Heilman

Milling Co. v. Hotaling, 21 K. L. R., 950. In this case there was no notice to the defendant to produce the letter, and proof of the contents of the letter should not have been admitted.

The policy contained a provision to the effect that no additional insurance was to be taken out upon the stock of the plaintiff without the consent of the company endorsed on the policy. Plaintiff pleaded a waiver of this provision. Plaintiff proved by herself and one other witness that defendant's local agent not only knew of the additional insurance, but consented thereto. This consent was given at the time the policy herein involved was taken out. In addition to this evidence there was evidence to the effect that knowledge of the additional insurance was brought home to defendant's agent for a considerable time before the fire. It was shown that he admitted knowledge of the additional insurance in the presence of several witnesses. It is insisted that the effect of the evidence that at the time of the negotiations for the insurance defendant's agent was notified of plaintiff's intention to take out additional insurance, and the fact that he said it was all right, is to vary or alter the terms of the written contract without an allegation or proof of fraud or mistake. We do not so construe this evidence. The provision of the contract was admitted; the evidence was offered merely to show a waiver, and it was competent for this purpose.

• It is further insisted that plaintiff had no right to contradict her witness Kemp. Kemp was put upon the stand for the purpose of testifying as to the receipt of the letter from the company in which it denied liability. On cross examination he was asked by counsel for defendant if he had ever given his consent or assent to additional insurance. He replied in the negative. Thereafter plaintiff's counsel asked him when it was that he for the first time heard of the additional insurance. The witness replied that he had never heard of it. He was then asked if he did not know that the additional policy had been issued for at least thirty days before the fire. He answered no. He was then asked if some time before the fire he had not had a conversation with Earnest Reid, in which he told Reid that he knew that a policy of $500 had been issued by Samuels & Ramsey on the stock of goods. Witness answered in the negative. He was then asked if, during the pendency of the suit, he had not stated in the jury room and in the presence of

Joe Bennett, Mitt Jackson and Bullock Samuels that Bullock Samuels told him some time before that he had insured this stock of goods in the Norwich-Union Fire Insurance Company. Witness answered in the negative. Section 596 of the Civil Code provides that the party producing the witness is not allowed to impeach his credit by evidence of bad character, unless it was indispensable that the party should produce him; but he may contradict him by other evidence and by showing that he has made statements different from his present testimony. Construing this section, it is held that when a party introduces a witness to prove certain facts, and the witness states that they did not transpire, he cannot then introduce other witnesses to prove that the witness had said to them that the facts he had inquired about did transpire. But where a witness states a fact prejudicial to the party calling him, the latter may be allowed to show that the fact does not exist by proving that the witness had made statements to others inconsistent with his present testimony. Champ. v. Commonwealth, 2 Metc., 17; Blackburn v. Commonwealth, 12 Bush, 181; Bergman v. Solomon, 143 Ky., 581. It is argued that defendant's agent in this case simply failed to prove the fact of knowledge, but did not state any fact prejudicial to the plaintiff; therefore; evidence of the fact that he had stated outside of court that he had such knowledge was not competent for the purpose of contradicting him. Whether such evidence was competent to contradict the witness under the foregoing provisions of the Code we deem it unnecessary to decide. In the present case Kemp was defendant's agent entrusted with the duty of soliciting insurance, delivering policies, etc. He was still defendant's agent at the time of the trial. Notice to him of additional insurance was notice to the company. The insurance in question being still in force, and the additional insurance having been obtained during the continuance of the policy in question, and he having authority to waive the additional insurance clause, it was likewise within the scope of his authority to make an admission that was binding both on him and the company; therefore, his statements to the effect that he had received notice of the additional insurance some time before the fire were admissible as substantive evidence.

We find no error in the instructions except that they assume, without allegation or proof to that effect, that plaintiff incurred a loss of $500.

Upon the return of the case plaintiff will be permitted to amend her petition.

Judgment reversed and cause remanded for a new trial consistent with this opinion.