# Globe & Rutgers Fire Insurance Company of the City of New York v. Hensley.

(Decided December 16, 1924.)

## Appeal from Harlan Circuit Court.

1.  Insurance—"Policy" Defined.—An insurance "policy" is a certificate of insurance, any writing whereby a contract of insurance is made, a document containing contract made by an insurance company with a person whose property or life is insured, often an annuity contract or certificate of insurance company.

2.  Insurance—Petition Held Based on Written Contract for which no Consideration Need be Stated—"Policy."—Under statutes treating "policy" as meaning written contract of insurance, petition in action against insurance company, giving number of policy, and stating that it was executed and delivered, and was filed therewith, constituted declaration on writing, although policy was not filed, and it was unnecessary to allege consideration, under Kentucky Statutes, section 471.

3.  Contracts—Unnecessary to State Consideration in Declaring on Written Contract.—Under Kentucky Statutes, section 471, in declaring on written contract, it is unnecessary to state consideration.

4.  Insurance—Petition Held Sufficient to Show that Plaintiff was Owner of Insured Property.—Where petition on insurance policy alleged plaintiff was owner and title holder of property at time of execution and delivery of policy, and thereafter referred to property as "his," it was sufficient to show plaintiff was owner at time of loss.

5.  Insurance—Petition on Insurance Policy Not Required to Allege Property Destroyed had Some Value.—Under Kentucky Statutes, section 700, making insurance companies liable for full estimated value of property as fixed on face of policy, petition in action on insurance policy need not allege that property destroyed had some value.

6.  Insurance—Policy Issued on Real Property Imports Value Fixed Therein, and Depreciation Need Not be Negatived.—Under Kentucky Statutes, section 700, making insurance companies liable for full estimated value of property insured, as fixed on face of policy, to be diminshed by depreciation between dates of policy and of loss, party suing thereon is not required to negative depreciation in petition.

WOODWARD & WARFIELD and LOW & BRYANT for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Alleging an insurance contract, plaintiff sought recovery of $2,000.00 for the destruction of his residence

by fire. Defendant was duly summoned, but filed no pleading of any kind. The case was assigned for trial, and judgment *pro confesso* was awarded plaintiff.

Defendant appeals upon the sole ground that the pleadings did not sustain the judgment. The petition is as follows:

"The plaintiff, W. S. Hensley, states that the defendant is a stock company organized and existing under the laws of the state of New York, and at all times hereinafter mentioned was engaged in the fire insurance business in Kentucky and in Harlan county, and had an office and place of business at Harlan, Kentucky, under the style name of Cumberland Insurance Agency; that on August 12, 1922, he was the owner and legal titleholder of one frame dwelling house situated in Harlan county, state of Kentucky, near Rost Point and on said date defendant by and through its said agency at Harlan, Kentucky, executed and delivered to him fire insurance policy number 3035779, by the terms of which it undertook to and did insure his said dwelling house against all direct loss or damage by fire for a period of three years thereafter, ending August 12, 1925, which policy was for the sum of $2,000.00; that afterwards on the 9th day of May, 1923, his said dwelling house was totally destroyed by fire and by reason thereof defendant then became indebted to him under said fire insurance policy in the full sum of $2,000.00, and although he has complied with all the provisions of said insurance policy, and demanded payment of said sum from the defendant, no part of same has been paid. Said policy is filed herewith and made part hereof. . . . "

It is urged that this pleading is fatally defective for the following reasons: (1) The contract must be construed as oral, and that no consideration therefor is stated; (2) that it is not alleged that plaintiff owned the house at the time it burned; (3) that there is no statement as to the value of the house at the time it burned.

The word "policy" is thus defined in Webster's new international dictionary. "A certificate of insurance; any writing whereby a contract of insurance is made; a document containing a contract made by an insurance company with a person whose property or life is insured;

often, an annuity contract or certificate of insurance company."

A reference to the sections of Kentucky Statutes dealing with the subject will demonstrate that the word "policy" is treated as meaning a written contract of insurance. The petition gives the number of the policy and states that it was executed and delivered to him (plaintiff) by the defendant, and that "said policy is filed herewith and made part hereof." These allegations when used with reference to a word signifying a written instrument constitute a declaration on a writing, and such is the usual form of declaration upon notes and other instruments of like character. It is true that the policy itself was not filed with the petition but on motion of appellant the court could have required that to be done. We are of the opinion that the petition is based upon a written contract and, therefore, the numerous authorities holding that in a declaration upon a parol contract the consideration should be stated, do not apply. In declaring upon a written contract it is unnecessary to state the consideration. Section 471, Kentucky Statutes; Bronston's Admr. v. Lakes, 135 Ky. 173.

As to the second ground, the petition alleges that the plaintiff was the owner and titleholder at the time of the execution and delivery of the policy, and thereafter refers to the property as "his." We think the use of the personal pronoun, following the direct allegations mentioned, is sufficient to show that he was the owner throughout the period covered. Heath v. Conway, 1 Bibb 398.

Lastly, it is argued that it is not stated that the property destroyed had some value. We do not deem such allegation essential in this case. Section 700, Kentucky Statutes, provides that insurance companies shall be liable for the full estimated value of the property insured, as the value thereof is fixed on the face of the policy; this to be diminished to the extent of any depreciatoin occurring between the dates of the policy and the loss. When a policy is thus issued on real property it imports the value fixed therein. This may be diminished as indicated, but the plaintiff is not required to negative depreciation in the petition.

Perceiving no error the judgment is affirmed.