## Conley v. Boyd Oil & Gas Company.

(Decided June 24, 1927.)

### Appeal from Johnson Circuit Court.

1. Pleading.—Issue not made by pleadings, but raised by evidence introduced, was not issue in case.
2. Pleading.—In suit for rentals under oil and gas lease, evidence as to feasibility of plugging well, which was not issue made by pleadings, held properly excluded.
3. Appeal and Error.—In suit for rentals under oil and gas lease, where there was no material evidence showing that gas from well was commercially valuable, admission of incompetent evidence of county health officer held not prejudicial.

FRED HOWES for appellant.

KIRK, KIRK & WELLS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant executed an oil and gas lease on the ninth day of February, 1920, which by mesne conveyance passed to the appellees. The lease contained this covenant:

"To pay the lessor $300 each year, in advance, for the gas from each well where gas only is found, while the same is being used off the premises."

Four wells were drilled. One produced no gas. Two produced gas from the sand where gas is usually found in the territory, and there is no dispute about these two wells. The rentals have been paid in accordance with the terms of the contract. The third well was drilled to a deeper sand and it produced large quantities of gas, but it is of a kind and character which tends to render it of no commercial value. For some years appellees paid the rentals on this well, and gas was marketed from the

well for the years covered by the rentals. Appellees refused to pay the rentals for the years 1925 and 1926. No gas was marketed from the well for these two years. Appellant sued for the rentals for these two years. In the original petition he alleged that gas was marketed from that well for the years 1925 and 1926. This was denied by the answer, and by an amended answer appellees alleged that the gas from the third producing well had no commercial value.

A trial resulted in a verdict in favor of appellees. The evidence was not confined to the issues made by the pleadings. Appellant undertook to show that appellees could have plugged the well in such a manner as to shut off the gas from the lower sands and thereby cause it to produce gas from the upper sands, which would have been unquestionably marketable. This issue was not made by the pleadings and whether such could have been done was not an issue in the case, but, if there had been a proper issue on this point, the evidence does not show conclusively that the well could have been improved by this method of procedure, although the evidence was contradictory on that point. The sole question for determination was whether the well was producing gas for the years 1925 and 1926 which was commercially valuable. It appears to us that the evidence is all one way on this point. It is admitted by all of the witnesses that the gas had such a bad odor that it was unfit for commercial use, and in addition it destroyed the pipes and fixtures containing it.

The letter from Dr. Swengel, the county health officer, was incompetent and should not have been allowed as evidence, and yet, as there was no tangible evidence showing that this well produced gas commercially valuable, the admission of this incompetent evidence was not prejudicial.

Three grounds are urged for reversal. First, that the court admitted incompetent testimony in favor of appellees; second, that the court refused to admit competent testimony in favor of appellant; and, third, that the verdict of the jury is against the weight of the evidence. The only complaint as to the admission of incompetent testimony is that relating to the admission of the Swengel letter. The evidence not allowed, which was offered by appellant, related to the feasibility of plugging the well. The court was correct in his rulings

on this evidence as that question was not involved in the litigation. The third ground is one which has required more careful consideration. If there was any material evidence showing that the gas from this well was commercially valuable, then the admission of the Swengel letter was erroneous and enough to require a reversal of the judgment of the lower court. In his brief counsel for appellant refers to the evidence of one witness only, which he insists shows that the gas from this well was commercially valuable. The question and answer are as follows:

"Q. It (gas from number three well) could be used for industrial purposes? A. Yes, sir; for drilling."

This does not establish that the gas from this well was commercially valuable. It may be that it could have been used in the oil or gas fields for drilling purposes, but evidently that is not the character of use for which it was intended when it was drilled. There is no proof that there was demand for the use of the gas for drilling purposes. Taking the evidence as a whole, it appears to us that there was no material evidence showing that the gas from this well was commercially valuable, and, as that is true, the admission of the incompetent evidence referred to was not prejudicial. Upon the consideration of the whole case, we have reached the conclusion that the lower court should have given a peremptory instruction to find for appellees, and as the jury returned a verdict for them we cannot say that there was any error committed by the court prejudicial to the substantial rights of the appellant.

Judgment is affirmed.