# Federal Fire Insurance Company v. Harvey & Company.

(Decided June 8, 1928.)

(As Modified on Denial of Rehearing, November 16, 1928.)

## Appeal from Hart Circuit Court.

1. Insurance.—In actions on fire policies covering house and household furniture and stock of merchandise, in which defense was raised that insured concealed facts material to risk, issue whether written threats alleged to have been received by insured warning him to move away from house or take consequences, if received before insurance was procured, were material to risk, under Ky. Stat., sec. 639, held for jury.

2. Insurance.—Failure of insured, suing on fire policies covering house, and kitchen and household furniture, and merchandise, to allege and prove value of kitchen and household furniture and stock of merchandise held to prevent recovery, though value of the merchandise was pleaded.

3. Insurance.—Paragraphs of answers in actions on fire policies, alleging plaintiff's failure to comply with requirements of iron-safe clause, were held insufficient on demurrer.

GORDON & LAURENT and WATKINS & CARDEN for appellant.

C. B. LARIMORE and C. B. DOWLING and TERRY & ROMINES for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The members of the firm of Harvey & Co. were Dr. P. D. Harvey and his wife, Cora Harvey. They jointly owned a frame building in Knob Lick, Metcalfe county, Ky., in a portion of which they resided. In another portion they conducted a retail merchandise business, and a side room was occupied by the husband as his physician's office.

On September 26, 1924, there was issued to them a fire insurance policy by appellant and defendant below, Federal Fire Insurance Company, indemnifying them against loss to the building not to exceed $1,250, and to the household and kitchen furniture in the dwelling portion of the building not to exceed the sum of $1,000. On October 3, 1924, the same company issued to them another fire insurance policy on the stock of merchandise not to exceed $1,000. On the 1st day of December there-

after all of the insured property was destroyed by fire, and two separate actions were filed by plaintiff against defendant in the Hart circuit court to recover the total insured amounts in both of the policies.

The petition on the policy covering the building and household and kitchen furniture nowhere averred the value of the personal property insured therein, nor did the original petition on the other policy contain any averment of the value of the merchandise destroyed and insured under it, but an amended petition in that action, however, did allege its value, and which was controverted of record. The answer in the suit to recover for the loss of the building and household and kitchen furniture in no way cured the failure to allege the value of the personal property involved therein. In other respects the answers in both actions denied the material averments of the petition in their first paragraphs and the second paragraphs defended on the ground that plaintiffs had not complied with any of the conditions contained in what is commonly known as the "iron-safe" clause, which was a part of both policies, and by its express terms its observance was made a condition precedent to the continued liability of the company. The court sustained plaintiff's demurrer filed to that paragraph in each case to which defendant objected and excepted.

The third paragraph of the answer averred that defendant had violated a condition in the policy providing that it should be void if the insured "concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof." It was averred that in violation of that condition of the policy Dr. Harvey, one of the plaintiffs, had incurred the enemity of a neighbor, and that he had not only been threatened personally by that enemy, but had received letters and notes warning him to move away from his home, and the last of which said:

"You have had one notice to leave. This is your last. Leave or take what follows."

The first one was found on the porch of the building, and accompanying it was a bundle of switches, a box of matches, and a drawing of a skull and crossbones. It was defendant's contention that the concealment of such facts was material to the risk within the condition of the policy relied on in that paragraph of its answers. Ap-

propriate pleadings made the issues, and the jury, under the instructions given by the court, returned a verdict in favor of plaintiffs for the full amount of the insurance, and, defendant's motion for a new trial having been overruled, it prosecutes this appeal.

A number of questions are argued in brief as grounds for reversal, but we think they are all included in (1), the refusal of the court to sustain defendant's motion for a peremptory instruction in its favor, and (2), error of the court in sustaining plaintiff's demurrer filed to the second paragraph of the answers relying upon plaintiff's failure to comply with the requirements of the "iron-safe" clause contained in each policy; and we will dispose of those two grounds in the order named.

1. It is insisted in support of ground (1) that the peremptory instruction for defendant should have been given because (a) plaintiffs concealed the material facts hereinbefore stated, so as to avoid the policy and defeat their right to recover thereon under the condition in the policy stipulating against such concealment; and (b), that there was no evidence introduced by plaintiffs to prove the value of the stock of merchandise, and that there was no averment in the petition on the policy covering the household furniture as to its value.

With respect to reason (a), there was abundant evidence to show that the written threats received by Dr. Harvey were each of them after the insurance was procured; but if it had been otherwise, it is our conclusion that it was an issuable fact for the jury to determine under proper instructions from the court as to the materiality of the facts alleged to have been concealed. It will be observed that the condition against such concealment, and providing for an avoidance of the policy therefor, made it applicable only to "material" facts, the same as we have uniformly applied to the language of section 639 of our present Statutes with reference to statements made in an *application* for a policy of insurance. The court submitted such issues in what we regard as correct instructions. We must therefore overrule this contention of appellant in support of ground (1), supra.

Reason (b), in support of ground (1), is equally untenable, so far as defeating the entire sum sought to be recovered in the action on the policy insuring the building and the household and kitchen furniture, because the proof was sufficient to uphold a submission of the right of recovery for the value of the *building* covered

by that policy, and a peremptory instruction to find for defendant upon the whole case would have been improper. But the motion should have been sustained as to the $1,000 insurance on the household and kitchen furniture because there was no allegation in the petition as to its value; and the same is true as to the action on the policy insuring the stock of merchandise, since there was no testimony as to its value, although the pleading in that case, as amended, did aver its value, but which was denied by defendant. See Connecticut Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914B, 1106.

2. The legal question involved in ground (2) was reconsidered by this court in the recent case of Fidelity Phoenix Fire Insurance Company v. Bate Hyden, decided November 13, 1928, and reported in 226 Ky. —, 10 S. W. (2d) —, and some former opinions of this court, holding the "iron safe" clause in insurance policies invalid, were adhered to by a majority of the court, under the stare decisis doctrine. Following that decision, the contention made under this ground must be denied, and, for the same reason, the ruling of the trial court in sustaining the demurrer to the second paragraph of the answers is approved.

Wherefore the judgment is reversed, with directions to grant the motion for a new trial and for proceedings consistent herewith.