## American Insurance Company v. Harvey & Company.

### Same v. Harvey.

(Decided November 20, 1928.)

## Appeals from Hart Circuit Court.

Appeal and Error.—Failure of judgment to protect defendant against claims of attaching creditors was not presented on appeal, where no ruling on that subject was requested in trial court.

GORDON & LAURENT and WATKINS & GARDNER for appellant.

TERRY & ROMINER and C. B. LARIMORE for appelleees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The American Insurance Company issued to P. D. Harvey and Cora Harvey a policy of fire insurance by

which it insured Cora Harvey in the sum of $1,000 against loss by fire of a store building owned by her, and Harvey & Co. in the sum of $3,000 against like loss of a stock of merchandise owned by them. The store and stock of goods insured were totally destroyed by fire during the period covered by the contract. Liability was denied by the company, and two actions were instituted against it, one by Cora Harvey and the other by Harvey & Co.

In the action by Harvey & Co. there was a judgment in their favor for $2,400, and in the action of Cora Harvey there was a judgment in her favor for $1,000. The company prosecuted these two appeals from the judgment, and they will be disposed of in a single opinion.

The first insistence is that the insurance was void because of the violation of a condition in the policy to the effect that, if the insured "has concealed in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, this entire policy shall be void." The same contention was made in the case of Federal Fire Insurance Co. v. Harvey & Co. (Ky.) 10 S.W.(2d) 311, decided June 8, 1928, involving property destroyed in the same fire which had been insured by another company. It was held that the evidence on the subject was conflicting, and the issue had to be determined by a jury. In this case the appellant concedes that the jury was properly instructed upon that issue, and, as the evidence was in conflict, the verdict of the jury is conclusive of the question. It is argued, however, that the verdict of the jury is contrary to the evidence, and not supported by it. The same point was decided adversely to the appellant in the Federal Insurance Co. case, and there is nothing in this record that requires a different decision now.

The second point urged by the appellant is that the judgment made no provision in regard to the protection of the appellant against the claims of attaching creditors. No ruling on that subject was requested in the court below, and it is not properly before us. Fish v. Fish, 184 Ky. 700, 212 S. W. 586. The circuit court, as a matter of course, will take such action as may be necessary to protect the parties to this suit and the rights of the attaching creditors.

Argument is again advanced that the iron-safe clause in the policy of insurance should be held valid, but we have disposed of that question in the case of Fidelity-Phoenix Fire Insurance Co. v. Hyden (Ky.) 10 S.W.(2d) 829, 226 Ky. 346.

It will be observed that the judgment in the case of Federal Fire Insurance Co. v. Harvey & Co. was reversed because there was no allegation or proof as to the value of the household and kitchen furniture there involved. In the present cases, however, Mrs. Harvey's pleading averred that the property insured and destroyed was of the value of more than $2,500, and the pleading of Harvey & Co. contained an allegation to the effect that the property insured and destroyed was of the value of $7,800. There was testimony to sustain these allegations, and the error appearing in the other case was not committed in this one.

The record manifests no error, and, in the light of the opinion in the case of Federal Fire Insurance Co. v. Harvey & Co. (Ky.) 10 S.W.(2d) 311, decided June 8, 1928, it is clear that the judgments in these cases cannot be disturbed.

The judgment is affirmed in both cases.