## Svea Fire and Life Insurance Company v. Walker.

(Decided March 28, 1930.)

(As Modified on Denial of Rehearing October 3, 1930.)

F. M. DRAKE and C. W. BENNETT for appellant.

RAYBURN & WITHERS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee was a dealer in automobiles at Providence, Ky., and in May, 1927, he insured with the appellant a "Studebaker Phaeton" automobile he had on hand for sale. This car was stolen in July following, and when it was later discovered, it had been practically destroyed by fire. The appellant declining to pay the insurance provided in its policy, this suit was brought. The appellee recovered the full amount of the policy, and from the verdict entered on that judgment this appeal is prosecuted.

For its defense to this suit, the appellant relied on certain alleged misrepresentations made in the application for the policy. The appellant claimed that at the

time the appellee applied for the policy he represented that the car to be insured was a 1927 model, had been purchased by him in February of that year, and was a new car; whereas and in truth, it had been purchased in February, 1926, was a 1926 model, and had been used as a demonstrator for over a year. As the question of the age of this car, whether a 1927 model or a 1926 model and whether it was purchased new or not, was shown by the proof to have been very material to the risk, it cannot be doubted that if the appellee misrepresented these matters, whether innocently or not, the appellant had a right to avoid the policy under that provision in it reading:

"This entire policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud, or false swearing by the Assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

By his reply, the appellee in substance denied making the representations which are relied upon by the appellant to avoid the policy. He affirmatively averred that he furnished appellant's agent, who wrote this policy, with no information except the motor and serial number of this automobile, and that appellant's agent, from the information furnished him, ascertained from sources other than the plaintiff the year, model of the car, and wrote it into the policy. He then relies upon an estoppel on the part of the appellant to rely upon the alleged falsity of these matters. A rejoinder traversed the allegations of the reply.

The proof for the appellee, was to the effect that he made no representations whatever to the agent who wrote this policy; that all he did was to submit to the agent his invoice for this car from which the agent got the serial and motor numbers of the car (which it is not claimed were incorrect); that the agent told him that with such information he could ascertain for himself the year and model of the car from a book containing that information which he had in his possession and which in this record is called the "Blue Book." Appellee's proof also established that the car at the time of its destruction had not been run over 38 miles and was still a new car. The appellant's evidence was confined to the establishment of

the fact that the appellee represented the car to the agent as a 1927 model. It is true appellant's brief claims more than this, but we have read its evidence very carefully and cannot discover where its witnesses anywhere contradicted appellee's proof as to the newness of the car or say that the appellee represented that he had bought this car in the year 1927. They confine themselves solely to the statement that appellee represented it as a 1927 model.

It is true appellant claims that the statement in its answer that appellee had represented that he had bought this car in February, 1927, whereas he had bought it in February, 1926, is undenied; but it evidently overlooked that part of appellee's reply wherein he denies that he misrepresented any of the facts to the appellant. Although perhaps appellant could have had this allegation stricken before trial as a conclusion of the pleader, or at least made more specific, yet having failed to require either, it cannot after verdict and judgment complain that this denial was insufficient to raise the issue whether appellee had made any of the representations which appellant says were false.

From this resume, it can be seen that the only issue involved in the case for the jury to decide was whether the car, which it is not denied was the car mentioned in the policy, was represented by the appellee when he obtained the insurance in question to be a 1927 model or not, and as there was evidence pro and con on this subject, it was a question for the jury, and appellant was not entitled to the peremptory instruction it asked on the ground of misrepresentation. Standard Auto Ins. Association v. Russell, 199 Ky. 470, 251 S. W. 628.

Appellant insists, however, that as the year, model, and time of purchase were made in the policy itself, the preliminary oral negotiations were merged in the contract delivered to, held by, and sued upon by the appellee. It argues that appellee cannot escape being bound by that portion of the contract. This exact contention was made and disallowed in the case of Standard Auto Ins. Association v. Henson, 201 Ky. 230, 256 S. W. 414, 415. In that case, Henson sued on a fire policy for the destruction of his automobile by fire. The defense was that Henson had falsely represented the year, model, and motor number of his car. The reply pleaded an estoppel on the ground that Henson had made no representations, but that the insurance company's agent from his own knowl-

edge had written the year, model, and motor number of the car into the application. An examination of the original record discloses that the year, model, and motor number were written in the policy as they appeared in the application. In holding that if appellee could establish by proof the allegations as to the estoppel relied upon by him such estoppel would be effective, and in answering a like contention as made by the appellant in the instant case, we said:

"It is insisted that all prior agreements and understandings were merged in the written application and policy, and the two writings formed the contract between the parties; that the terms of neither can be varied by parol evidence, and therefore this evidence was inadmissible. This is a sound rule, but in a majority of the courts it is held that, where a condition provides a forfeiture for its violation, a waiver of the forfeiture or an estoppel to rely on such may be proven by parol evidence.

"The conditions are that if certain material representations are untrue the policy will be void, or if untrue and fraudulent the same result will follow, regardless of their materiality. The insurer is not presumed to have sufficient information in reference to the article upon which the insurance is sought to enable it to determine if it is a suitable risk; therefore it is eminently proper for it to secure such information from the insured and to rely on the representations he makes, and if untrue and material or fraudulent he should be held accountable therefor, even to the extent of avoiding the policy.

"But if the insurer is fully cognizant of all the facts, we cannot say as a matter of law that it relies on the statements in the application; in other words, if with full knowledge of all the essential facts it accepts the premium and treats the insured as a policy holder before a loss, it will be presumed to have waived the forfeiture provisions, and therefore will not be heard to say that the policy is void on that ground, if the insured acted in good faith, even though in some material respects the statements in the application were untrue.

"In determining this question the courts have generally held that an agent of the insurer in filling out an application represents it, and not the applicant, and that his knowledge is the knowledge of the

company, especially where the agent of the insurer fills out the application from his own information, and it is signed by the applicant in good faith, and without an intention to deceive. Aetna Life Insurance Co. v. Howell, 107 S. W. 294, 32 Ky. Law Rep. 939; Continental Fire Insurancce Co. v. Stunston & Co., 100 S. W. 338, 30 Ky. Law Rep. 1176; Crawford's Adm'r v. Travelers' Insurance Co., 124 Ky. 733, 99 S. W. 963, 30 Ky. Law Rep. 943, 124 Am. St. Rep. 425; Masonic Life Ass'n of New York v. Robinson, 149 Ky. 80, 147 S. W. 882, 41 L. R. A. (N. S.) 505; Id., 156 Ky. 371, 160 S. W. 1078; Cooley's Law on Insurance, vol. 2, p. 2558.''

For a like case involving life insurance, see Kentucky Central Life & Accident Ins. Co. v. Edmonson, 218 Ky. 825, 292 S. W. 511.

It results therefore that this contention of the appellant must be disallowed.

In his petition filed in this case, appellee averred in substance that the appellant had insured his car for the sum of $1,060, that the car had been destroyed by fire, and that by reason of this destruction the appellant was indebted to him in the sum of $1,060. There was no averment whatever as to what the car was worth at the time of its destruction, and hence the petition was plainly demurrable. Federal Fire Ins. Co. v. Harvey & Co., 225 Ky. 838, 10 S. W. (2d) 311. Appellant objected and excepted to all of the appellee's evidence concerning the value of this automobile, and also objected and excepted to the instructions under which this case was submitted to the jury. Hence it cannot be said that appellant voluntarily tried this case on the assumption that the issue as to value had been properly pleaded or proven. This being true, the case is taken without that line of cases to the effect that where the parties treat an issue as being present in the case, the defeated party cannot after verdict rely for a new trial on the ground that such issue had been defectively pleaded. On the other hand, it falls within the rule of Connecticut Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S. W. 867, 868, Ann. Cas. 1914B, 1106. We there said:

''In this case the petition did not show that the goods destroyed had any value, or that plaintiff sustained any loss by the fire. There being no allegation of loss, proof of loss was not admissible, and

none was admitted for the purpose of showing loss. The only evidence as to the value of the goods destroyed was admitted for an entirely different purpose. No loss was proved or admitted. The issue of loss or damage to the goods was not submitted to the jury. While we have been very liberal in applying the rule that a verdict will cure a defect in the pleadings, we have never gone to the extent of holding that where the petition fails to state a cause of action or some fact essential to the cause of action, and there is neither an admission nor proof of this fact, nor a submission of the question to the jury, such defect in the petition will be cured by the verdict. . . . As there was neither allegation nor proof of loss, the motion for the peremptory should have been sustained."

That case was reversed because plaintiff had failed to make an allegation of loss in her petition and there was no proof or submission to the jury of the issue. Although there was proof of the loss introduced by the appellee in the instant case, it was admitted over the appellant's objection. The objection should have been sustained since, as the Moore Case, supra, said: "There being no allegation of loss, proof of loss was not admissible." With the objectionable evidence eliminated, there was nothing in this regard to submit to the jury, and hence the court when it did so over the appellant's objection again erred. Hence the motion of the appellant for a peremptory instruction should have been sustained.

The argument of appellee's counsel which it is claimed was improper will probably not occur again and need not be further noticed. The appellant's argument that the evidence as to what the agent said the Blue Book would show should have been excluded is without merit, for this evidence was not admitted to establish any information contained in that Blue Book or any duty upon the appellant to check against any representations made by the appellee, but to show that this agent did not write the policy in reliance upon anything the appellee said, but upon sources of information which he claimed to have in his own possession.

For the reasons hereinbefore set out, this judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.