## BOWEN v. RAILWAY MAIL ASS'N.
### No. 3718.

District Court, S. D. Florida.
Dec. 18, 1931.

Gordon McCauley, of Jacksonville, Fla., for movant.

Lloyd Z. Morgan, of Jacksonville, Fla., opposed.

STRUM, District Judge.

This is an action at law upon an instrument commonly called a "beneficiary certificate," issued by Railway Mail Association to John Bowen, now deceased, the action being brought by his widow.

Defendant moves to strike from plaintiff's amended declaration the allegations therein claiming attorney's fees pursuant to section 6220, Comp. Gen. Laws Fla. 1927. Defendant's theory is that it is not an "insurance company," and that the instrument sued on is not a "policy or contract of insurance," as contemplated by the statute just cited, and hence no attorney's fees are recoverable.

In some respects there are recognized differences between beneficiary associations and ordinary insurance companies, likewise between "beneficiary certificates" issued by the former and conventional insurance policies issued by the latter.

For instance, in Wirtz v. Sovereign Camp, etc., 114 Tex. 471, 268 S. W. 438, it was held that a benevolent association is not an insurance company in the ordinary acceptation of that term. That decision, however, is not controlling here because the Florida statute expressly embraces "associations, fraternal benefit societies, or others." In Porter v. Commonwealth Casualty Co., 267 Pa. 410, 110 A. 153, it was held that a certificate of membership in a benefit society is not an "insurance policy" within the Pennsylvania Act making a policy complete without application and by-laws of the society referred to therein, but not attached thereto. That case does not control here, because the Florida statute includes not only policies, but also "contracts" of insurance. The difference in another aspect is pointed out in Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367. And in Re Grand Lodge, A. O. U. W. (D. C.) 232 F. 199, it was held that a fraternal benefit society is not an "insurance corporation" within the provision of the Bankruptcy Act excepting such corporations from the benefits thereof. But see in this connection In re Supreme Lodge of Masons Annuity (D. C.) 286 F. 180.

It has been held, however, that for most purposes benefit associations of the general character of this defendant are "insurance companies," and that the certificates issued by them are, generally speaking, "policies of life insurance." In Sovereign Camp v. Pritchett, 203 Ala. 33, 81 So. 823, 824, the plaintiff declared upon a policy of insurance. At the trial, a beneficiary certificate issued by the defendant, a mutual benefit society, was admitted in evidence. The Supreme Court of Alabama held that there was no variance between allegations and proof, for the reason that "for many, and indeed for most, purposes, mutual benefit associations are insurance companies, and the certificates issued by them are policies of life insurance." See, also, Bacon's Benefit Societies, §§ 51 and 52.

In Nitsche v. Security Benefit Ass'n, 78 Mont. 532, 255 P. 1052, it was held that a beneficiary certificate of this general character is a "contract." In a general sense, the certificate here sued on is necessarily a "contract of insurance," because the defendant association agrees thereby to pay the member to whom it was issued certain sums of money if such member shall receive bodily injuries under named conditions, or, if death shall result from such injuries, then to pay a named sum of money to his wife.

Broadly speaking, a policy or contract of insurance is a contract by which, for the considerations and upon the terms therein agreed upon, one party agrees to compensate the other party for loss arising from specific risks. Westchester Fire Ins. Co. v. Fitzpatrick (C. C. A.) 2 F.(2d) 651; Newark Fire Ins. Co. v. Turk (C. C. A.) 6 F.(2d) 533, 43 A. L. R. 496; Globe, etc., Fire Ins. Co. v. Hensley, 206 Ky. 202, 266 S. W. 1074.

In several cases, the Supreme Court of North Carolina has held that beneficiary certificates of this character are contracts of insurance. Williams v. Supreme Conclave, etc., 172 N. C. 787, 90 S. E. 888, and cases therein cited. See, also, Jewelers' Safety Fund Society v. Lowe (C. C. A.) 274 F. 93; Commercial Travelers', etc., Ass'n v. Rodway (D. C.) 235 F. 370; Rodgers v. Nat. Council, etc., 172 Mo. App. 719, 155 S. W. 874; Cosmopolitan Life Ins. Co. v. Koegel, 104 Va. 619, 52 S. E. 166.

Any apparent disharmony amongst the authorities is readily dispelled by taking into consideration the particular statutory enactment, and the particular purpose for which the matter was under consideration by the courts whose decisions are hereinabove cited.

The history of section 6220, Comp. Gen. Laws Fla. 1927, clearly indicates an intention on the part of the Legislature to include beneficiary certificates of this character in the terms of the statute. In the form in which the statute was originally enacted in 1893, and as it existed until revised in 1917 (see section 2774, Gen. Stat. Fla., 1906; section 2774, Fla. Comp. Laws 1914), the statute provided that "Upon the rendition of a judgment or decree by any of the courts of this State against any life or fire insurance company, in favor of the holder or holders of any policy of insurance written by such company, there shall be adjudged or decreed against such insurance company, and in favor of the holder or holders of such policy a reasonable sum as" attorney's fees. In that form it might well be, and probably was, doubted whether the statute extended to beneficiary certificates issued by associations of the character of this defendant.

By chapter 7295, Laws of Florida 1917, the statute was revised, however, and put into its present form, so that now, and since 1917, the statute has provided "That upon the rendition of a judgment or decree by any of the courts of this State against any person, company, corporation, co-partnership, association, fraternal benefit societies or others, in favor of the beneficiary or beneficiaries under any policy or contract of insurance executed by such person, company, corporation, co-partnership, or association, there shall be adjudged or decreed against such person, company, corporation, co-partnership or association, and in favor of the beneficiary or beneficiaries named in said policy or contract of insurance, a reasonable sum as" attorney's fees. Thus, in order to make it plain that the statute, as revised, was intended to embrace an organization of the character of this defendant, the Legislature almost resorted to tautology in the 1917 revision.

Defendant contends that the instrument here sued on is not brought within the terms of the statute, notwithstanding the 1917 revision, because the instrument is not a "policy or contract of insurance." In the light of the authorities, that position is not tenable. Moreover, it is not to be supposed that the Legislature would revise the statute by so carefully designating therein organizations such as this defendant, and yet intend to exclude from the operation of the statute the contracts customarily entered into between such associations and their members. Such a result would be incongruous. It is significant also that the words "policy of insurance" in the original statute were enlarged in the revi-

sion thereof to read "policy or contract of insurance." Those terms are not employed in the statute in a technical sense, but in a broad and general sense, as generic terms. The statute is an expansive one. See Orlando Candy Co. v. New Hampshire Fire Ins. Co. (D. C.) 51 F.(2d) 392.

Motion denied.