## American Liability & Surety Co. v. Hill.

(Decided Nov. 9, 1933.)

(Rehearing Denied Feb. 6, 1934.)

ROSE & STAMPER and C. W. HOGG for appellant.

CHARLES L. SEALES for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Ed Hill filed this action alleging that he was a resident of Owsley county, and "by occupation a farmer"; and "for his cause of action herein, on November 14, 1929, the defendant (the American Liability & Surety Company) issued to him one policy No. AL62393 for the sum of $500.00, on one Ford automobile, model 'A' for the consideration of the premium paid to said company, or its agents, of $14.00, cash in hand paid; that said policy was for a period of one year, expiring November 14, 1930; that while said policy was in force and effect, and while he was driving said automobile on and upon the highway, near Dry Ridge, Kentucky, the said auto caught fire and was completely destroyed by fire." Following this allegation, he alleges that he went before a notary public of Hamilton county, Ohio, and made affidavit setting out in detail the accident and the fire, and furnished the same to the insurance company, but that it refused to pay or to settle its policy. He further alleges that "he believes he ought to recover of said defendant the sum of $500 the amount of the policy, with interest at 6% from November 30, 1929, until paid, and costs."

To this petition the insurance company filed a general demurrer. The court sustained it. Hill filed an amendment in which he alleged "that the policy sued on in his petition was to recover loss by fire to his automobile, and the same was fully set out in said policy, and that he files herewith and makes a part hereof, the policy marked exhibit A." To the petition, as amended, the insurance company filed a general demurrer. The court overruled it, to which exceptions were saved. The insurance company filed its answer to the petition as amended. In the first paragraph, "it denies that it has knowledge or information as to whether the automobile was destroyed by fire, or that Hill ought to recover of the defendant the sum of $500, or any sum or amount with interest at 6% from November 30, 1929 until paid,

or his costs." In the second paragraph, it alleges that "the policy provided that it should be void if the insured was not the unconditional, sole owner of the automobile at the time of the issuance of the policy." The clause of the policy embracing the agreement of the parties in relation to the unconditional and sole ownership of the car was copied in the answer. Immediately following is the allegation that Hill had purchased the automobile of the Gilbert Avenue Auto Sales Company of Cincinnati, Ohio, executed his note for $271.20, the balance of the purchase price, and had executed and delivered to the Gilbert Avenue Auto Sales Company a mortgage on the car to secure the payment of this note, and that by reason of these facts the statement of Hill to the insurance company that he was the unconditional, sole owner of the car, was false and fraudulent and rendered invalid its policy. In the third paragraph of the answer is copied that portion of the policy forbidding other insurance on the car, accompanied by the allegation that at the time he purchased the car of the Gilbert Avenue Auto Sales Company, another policy of insurance had been obtained on the car with the consent of Hill. The answer was traversed by a reply. Thus the issues were completed. The action was submitted on the pleadings and exhibits, without other evidence. A judgment was entered allowing Hill to recover of the insurance company $228.80, with interest at 6 per cent. per annum from November 30, 1929, until paid, and his costs. It is recited in the judgment "that after reading the record the court is of the opinion, that the plaintiff, Ed Hill, had an insurable interest in said automobile of $228.80, the amount he had paid on same." Thereupon the insurance company entered a motion requesting a new trial on the ground the judgment is contrary to the law and the evidence, and without evidence to support it; the automobile was under a mortgage, and the plaintiff represented he was the sole and unconditional owner; "the pleadings are insufficient to entitle plaintiff to the judgment entered or any judgment," error of the court in overruling defendant's demurrer to petition as amended. An examination of the petition discloses the absence of two allegations necessary to constitute a cause of action, i. e., that Hill was the owner of the car, and (b) its value, at the time of its destruction by fire. It will be observed the defendant, by its answer, in no way cured these fatal

defects in the petition by any statement. Hill argues that the policy provides the company is liable for the actual cash value of the automobile at the time of the loss, and its value is fixed by a schedule known as a "blue book," with which all dealers are furnished. The "blue book" referred to is not a part of the record; nor was it made an exhibit to the pleading. The failure of Hill to allege in his petition that he was the owner, and also state the value of the automobile at the time of its destruction by fire, even if the blue book was a part of the record, its presence and contents would not cure the petition as amended. To recover on a fire policy, covering personal property, it is essential to allege the ownership, and also the value thereof, and the absence of either allegation renders the petition demurrable. Connecticut Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914B, 1106; Federal Fire Ins. Co. v. Harvey & Co., 225 Ky. 838, 10 S. W. (2d) 311; Svea Fire & Life Ins. Co. v. Walker, 235 Ky. 289, 30 S. W. (2d) 1105. A comparison of the petition as amended in the present case with that in Svea Fire & Life Ins. Co. v. Walker, shows present in the pending case a defect in the petition in that case, wherein the plaintiff alleged the insurance company had insured his automobile for a specified sum; that it had been destroyed by fire; and that by reason of its destruction, the insurance company was indebted in the amount of the insurance. We determined the petition was "insufficient and demurrable" because there was no averment as to what the car was worth at the time of its destruction. The material distinction between the practice in the present case and that of Svea Fire & Life Ins. Co. v. Walker, is, in it, evidence was introduced as to the value of the property over the objection of the defendant, and here no evidence was introduced.

For the reasons indicated, the motion for an appeal is sustained, the appeal granted, and judgment reversed for proceedings consistent with this opinion.