## Occidental Ins. Co. v. Chasteen et al.

(Decided Oct. 16, 1934.)

FRANK M. DRAKE and WM. A. MINIHAN for appellant.
FOWLER, WALLACE & FOWLER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Occidental Insurance Company, on July 13, 1929, renewed with Ernest Chasteen a policy of insur-

ance, insuring him in the sum of $1,800 against loss of a dwelling by fire. During the existence of this policy, he had with the Westchester Fire Insurance Company a policy for $800, insuring him against loss by fire of the contents of the dwelling. While these policies were in full force and effect, on the night of September 25, 1931, the dwelling and contents were totally destroyed by fire. There were at that time liens on the dwelling; one in favor of the Lexington Building & Loan Association for $400, and another a purchase-money lien of $1,059 in favor of S. S. Elam.

Elam, asserting his purchase-money lien on the dwelling and that there was a loss payable clause attached to the policy in his favor, filed an action in the Fayette circuit court against Ernest Chasteen and wife and the Occidental Insurance Company, to recover of Chasteen the balance due on the purchase money and to have applied to its satisfaction the proceeds of the insurance policy on the dwelling.

In his petition, Elam averred "that on the 6th day of June, 1929, he sold and conveyed to the defendant, Ernest Chasteen, a certain house and lot of ground situated on Southern Avenue, near the city limits of Lexington, Fayette County, Kentucky, by deed which is of record in the Fayette County Clerk's Office in Deed Book 258, at page 448. * * * The said Ernest Chasteen procured a policy of insurance to be issued by the Occidental Insurance Company of San Francisco, California, securing and indemnifying him from loss by fire of the frame dwelling situated on said lot in the sum of $1,-800.00. * * * That said policy was again renewed by said insurance company on July 13th, 1931, protecting said residence by fire for another year, ending at noon, on July 13th, 1932, and," etc.

The Occidental Insurance Company, by answer, traversed the allegations of the petition.

Ernest Chasteen, by answer, admitted his indebtedness to Elam and then set out the history of the issuance of the policy of the Occidental Insurance Company, the payment of the premium thereon, the furnishing the insurance company a proof of loss, and the transaction between him and the insurance agent, concerning the loss payable clause which Elam, by his pleading, sought to have enforced to pay his debt.

The answer of the Occidental Insurance Company

to the cross-petition of Chasteen was, by an order of court, controverted.

At the commencement of the trial, it was agreed of record, by the parties, that this action be consolidated with that of Ernest Chasteen against the Westchester Fire Insurance Company, and "transferred to the common law docket for trial by a jury of all of the common law issues presented in the pleadings." It was "further stipulated and agreed that either party may introduce further evidence hereafter as to any equity issues herein"; also "that the cases * * * be tried together, * * * and all pleadings, evidence and further steps taken in either action shall be considered as taken in both cases either in this court or the Court of Appeals."

On the issues thus joined, the consolidated actions were tried before a jury, which resulted in a verdict for Chasteen of $1,800 and interest from March 15, 1933, against the Occidental Insurance Company.

In Chasteen's brief it is written:

"The Occidental Insurance Company was not a party in the Westchester Fire Insurance Company case. Neither was the Westchester a party in the Occidental case. The two cases were entirely independent of each other. The Westchester Fire Insurance Company, in its answer to Chasteen's suit, charged that Chasteen had feloniously set fire to and destroyed the household goods for which he was seeking to recover."

Notwithstanding this admission in his brief and the stipulation now in the record in reference to the pleadings, Chasteen is here arguing that the evidence now appearing in the record, which was not objected to at the time of its admission and which tends to show that he, or others for him, had set fire to and burned the dwelling, and the instruction of the court in relation thereto, should be disregarded by this court.

The parties to the action, their counsel, and the court throughout the trial treated the paragraph of the answer of the Westchester Fire Insurance Company in which (it is conceded) is pleaded that Chasteen had set fire to and burned the dwelling, as a defense of the Occidental Insurance Company; hence it is now too late for Chasteen to complain for the first time in this court of the failure of the Occidental Insurance Company to set up in its answer this affirmative defense, even though

the record did not show that, by the agreement of the parties, the pleadings in the one action should be regarded as presenting the same defense in the other. Hardin's Committee v. Shelman, 245 Ky. 508, 53 S. W. (2d) 923; Colovas v. Allen Motor Co., 242 Ky. 93, 45 S. W. (2d) 809.

The parties to the consolidated actions had a right to make the pleadings in the one action apply to, and control this issue in, the other. Having done so, Chasteen thereby waived the objection to the insufficiency of the answer of the Occidental Insurance Company because of the absence of an affirmative allegation charging him with having set fire to and burned the dwelling. Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011; McGregor v. L. & N. R. R. Co., 244 Ky. 696, 51 S. W. (2d) 953.

The disposition of this question brings us to a consideration of the grounds of reversal presented by the Occidental Insurance Company.

Inasmuch as the judgment must be reversed for the reasons hereinafter stated, and there may be another trial, we decline to interpret, or express an opinion as to the weight of, the evidence in behalf of the respective parties, except to say that it was sufficient to authorize the submission of the case and to sustain the verdict of the jury for or against either Chasteen or the Occidental Insurance Company.

During the progress of the trial, his counsel propounded to Chasteen the following question to which he made the following answer:

"Q. Were you indicted, charged with the offense and crime of arson? A. Yes.

"Q. What was the result of that trial?"

To this question, counsel of the Occidental Insurance Company objected; his objection was overruled, to which he reserved an exception. Thereupon in another form the question again was propounded thus:

"Q. Were you acquitted? A. Yes, sir.

"Q. Were you tried in June of this year and acquitted? Were you not? A. Yes, sir, I was."

At this point counsel of the Occidental Insurance Company asked this question:

"Q. Mr. Chasteen, were you convicted when on a trial of this case? Weren't you? A. Yes."

Counsel of Chasteen objected. The court made no ruling, when his counsel again objected, "because [his] former objection had not been passed on." A colloquy then occurred between counsel of the Occidental Insurance Company and the court concerning the objection of Chasteen's counsel. While thus engaged, in the presence of the jury, the court used this language: "There is no conviction in this case at all, if the court granted this man a new trial." You have alleged that this fellow set fire to his house out there and caused it to be burned. It has been proved here in the record that the defendant was acquitted of this charge. And now you turn around here and ask him if he was not convicted. That has to be cleared up." Also the court said: "And if either side wants it, I will set aside the swearing of this jury and call the case for trial tomorrow morning." The testimony of Chasteen concerning his trial and acquittal of the charge of arson committed by the burning of the dwelling was incompetent. Liverpool & London & Globe Ins. Co. v. Wright and Allen, 166 Ky. 159, 179 S. W. 49.

Since the decisive issue to be determined by the jury on the evidence of the parties was the charge that Chasteen had set fire to and burned the dwelling, the questions and answers of Chasteen establishing his acquittal by another jury of the charge then in issue were inevitably highly prejudicial to the insurance company's defense.

It is an established rule, where incompetent evidence has been allowed in favor of the prevailing party on a material, decisive point, not clearly established by competent evidence it is ground for reversal. Louisville & N. R. R. Co. v. Frazee, 71 S. W. 437, 24 Ky. Law Rep. 1273; Dawson v. Shannon, 225 Ky. 635, 9 S. W. (2d) 998; Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. (2d) 502.

The unbiased mind, guided by the compass of experience, cannot doubt that the court's incautious statement emphasized and stressed the importance and value to Chasteen's cause of the incompetent evidence. It naturally and convincingly impressed the jury with an indelible sense of duty to give great weight to the fact he had been acquitted by another jury of the charge which was the determinant issue to be decided by it. The insurance company was entitled to a fair trial which was not enhanced by the court forcing its counsel to

choose between the alternative courses submitted to him by the court's proposal.

The proposal to set aside the swearing of the jury did not relieve the case of the initial, prejudicial error, or of the court's aggravation of it; nor impose upon the insurance company the duty to accept the court's offer to set aside the swearing of the jury, or deprive it of its privilege and right to rely upon the initial error. Bennett v. Bennett's Ex'r, 244 Ky. 394, 51 S. W. (2d) 241.

The failure of the insurance company to assent to, or accept, his offer to do so, did not cure any errors of the court properly and seasonably objected to, nor constitute a waiver of its right to avail itself of them in this court.

An examination of the pleadings, discloses that it is nowhere alleged in any pleading that Chasteen, at the time of the issuance of the policy, or at the time of the fire, was the owner of the dwelling. Chasteen and others testified that he was the owner of it at the time it was destroyed by fire. To this evidence the Occidental Insurance Company objected. Its objection was overruled, and it reserved of record an exception. It was not required to repeat its objection, after the court had ruled adversely on the question of the competency of the offered testimony, to the same line of interrogation, whether the question was propounded to the same or another witness. Koehler v. Commonwealth, 222 Ky. 670, 1 S. W. (2d) 1072.

There being no allegation in Elam's and Chasteen's pleadings that Chasteen was the owner or title holder of the property, or that it was "his" at the time of its destruction by the fire, the answer of the Occidental Insurance Company not curing the omission in their pleadings, rendered incompetent the testimony, when objected to, establishing his ownership. "An issue raised by the evidence, but not made by the pleadings, is not the issue in the case [Conley v. Boyd Oil & Gas Co., 220 Ky. 753, 295 S. W. 1025], for proof without pleading is as unavailing as pleading without proof. Louisville & N. R. R. Co. v. Whitaker, 222 Ky. 302, 300 S. W. 912." See Mannington Fuel Co. v. Ray's Adm'x, 250 Ky. 736, 63 S. W. (2d) 933, 936.

The Occidental Insurance Company's objection to the evidence establishing Chasteen's ownership of the

dwelling at the time it was destroyed, and its reserving an exception, preserved its right to complain in this court. See Globe & Rutgers Fire Ins. Co. of City of New York v. Hensley, 206 Ky. 202, 266 S. W. 1074; Federal Fire Ins. Co. v. Harvey, 225 Ky. 838, 10 S. W. (2d) 311; Svea Fire & Life Ins. Co. v. Walker, 235 Ky. 289, 30 S. W. (2d) 1105; American Liability & Surety Co. v. Hill, 252 Ky. 264, 66 S. W. (2d) 823. Chasteen's ownership, at the time of the fire, was indispensably essential to his recovery on the policy, for, if he was without title at the date of the fire, this fact invalidated the policy.

Chasteen argues that the insurance company is ineluctably bound by its policy to the owners of the lien debts, and, when their debts, with interest, are deducted from the $1,800, the sum of the recovery, the amount in controversy on this appeal is not within the jurisdiction of this court.

This insistence overlooks the agreement of the parties, as it appears in the record, reserving the question of the right of the lienholders to the proceeds of the policy, with the privilege to the parties, thereafter, to introduce evidence concerning the same. The asserted liens, therefore, may not now be considered. Nussbaum v. Caskey, 235 Ky. 640, 32 S. W. (2d) 18.

Wherefore the judgment is reversed, with directions to award a new trial, and for proceedings consistent with this opinion.